### Perrine v. Warren, Administrator.

1. To a suit brought by an administrator, the defendant may plead as a set off, a demand due by the intestate at the time of his death, although the estate has been declared insolvent.
2. The same strictness, either as to form or substance, essential to a special plea is not necessary to a notice of set off: it is sufficient if it describe the demand intended to be set off with reasonable certainty.

At the spring term 1828, of Lawrence Circuit Court, Hugh Warren, administrator of George Kauck, declared against James Perrine, in debt, on a promissory note, made by said Perrine to his intestate, in his lifetime. The defendant pleaded *non detinet*, with notice that at the trial, he would give in evidence, and insist by way of setoff, on several demands due said defendant by the decedent at the time of his death, and specifying them particularly. The plaintiff replied that the defendant was precluded, because the estate of said Kauck had been reported insolvent to the Judge of the County Court, before the commencement of the action; to which replication the defendant demurred. At the trial, the Court held the replication good, and overruling the demurrer, gave judgment for the plaintiff; upon which the defendant Perrine sued out a writ of error for a review of the decision by this Court.

D. A. Smith, for the plaintiff in error. To shew that the Court erred in overruling the demurrer to the plaintiffs replication, I rely on an analogy, deducible from the bankrupt laws of England. It is the policy, or rather the express provision of those laws, that an action is not main-

JULY 1830.

Perrine
v.
Warren, Administrator.

a Pages 130, 133.

b Laws of Ala. 330

c 1 Mass. Rep. 502.

d 2 Mass. Rep. 498, 15 Ibid 407.

e Minors Ala. Rep. 176.

tainable against the assignees of a bankrupt; his estate is to be divided equally among his creditors. The reasons applying to the distribution of the estate of an intestate reported insolvent, are the same as those regulating the distribution of a bankrupts estate amongst his creditors. For cases shewing the right to set off in actions brought by assignees of bankrupts, see 2 Vernon 428, 1 Wilson 155, Campbell 135. 2 Atkyns 49. 2 Strange 1231. 1 Bacons Abridgment. 443. 6 Idem. 137. In the last edition of Comyns Digest, title Bankrupt*a* the statutes allowing to defendants the right of set off in actions by assignees, are given; but that very learned author, whose mere *dicta* have been treated by Lord Mansfield as law, says that those statutes are merely declaratory of what was the law before.

Our plea of of *non detinet* with notice of set off, is, according to all practice, the same as a special plea of set off. The only objection to this defence which seems to me the least plausible, is that it is in the nature of a cross action, and therefore not sustainable. In Massachusetts, a statute exists in relation to the commencing or sustaining an action against the representative of an estate after it has been reported insolvent, almost literally the same as ours,*b* as will appear by referring to the case of *Blossom v. Goodwin.*c That statute has been twice construed by the Supreme Court of that State, *d* and the principles settled in these decisions are, that where, at the time of the death of a person whose estate is subsequently reported insolvent, a debtor of such person has a demand against the decedant equal to that by his representative, it is not a subject for the report of the commissioners who audit the claims against the insolvent estate. If the claim of the creditor of the decedent should be greater in amount than that asserted by his representative, then if the whole matter be presented to the commissioners, they are to strike the balance equitably, and report in favor of the creditor of the decedent; but should he choose not to present his claim to them, he may in a suit against him by the executor or administrator, plead it as a matter of equitable setoff or payment.

The case of *Rapier, administrator v. Holland and Bruce,*e superficially examined, might seem like the one under consideration, but it is very distinguishable from it. There, the claim sued for was in a different right from that which was set up in defence. The defendat had given his note to the administrator for a part of the estate, and was not permitted iniquitously and indirectly to run off with

twenty shillings in the pound, perhaps thus exhausting the whole estate, when other creditors, according to the equitable policy of our law for the equal distribution of insolvent estates, were entitled to their proportions. But I insist that the note sued on by the administrator in this case, must be considered as no part of the estate for distribution; it was extinguished or paid before it came to his hands, as Kauck owed Perrine a larger amount, and equity will always consider that as done which ought to have been done.

ORMOND, for the appellee. The statute,[a] is imperative to shew that no action can be commenced or sustained against an administrator after he declares the estate of his intestate insolvent. How then can a set off be pleaded to an action brought by him, as it is admitted on all hands that the pleading a set off is in the nature of a new or cross action. Again, the first two notes described in the notice were not the property of Perrine, and the notice does not shew even that he had them in possession at the commencement of the action, and would not be sufficient as a plea of set off in any case. As to the order drawn on the intestate by May, the notice does not shew when it was due, and for all that appears to the contrary, it may not have been due until after the estate was declared insolvent. If it was due at the time it was drawn, why was it not credited on the note sued on. As to the open account, it is very clear that it cannot be admitted, unless an action can be maintained after an estate is declared insolvent; the plea does not shew when the account was due. For all that appears to the contrary then in the plea and notice, all the offsets may have been acquired since the death of the intestate, or even since the estate was declared insolvent, and therefore certainly bad, even should the Court decide that a set off can be pleaded after the declaration of insolvency.

[a] Laws of Ala., 330.

SMITH, in conclusion. The notice of set off alleges that Kauck, the plaintiffs intestate, was indebted at the time of his death, and proceeds to set out the different demands, specifying and describing each particularly. Sufficient property in the notes is shewn by Perrine, not only at the commencement of the action, but at the time of the decease of the intestate. The notice shews that the order was accepted by the deceased on the 9th of January 1826; that the amount was not credited on the note, is sufficiently answered by saying that Perrine had not the possession

or control of the note sued on, and could not place the credit there. The open account is as good a set off as a bond; no distinction can be drawn between them. But if all these objections were good, and were sustained by the facts, they should have been asserted by a demurrer in the Court below to our plea and notice.

By JUDGE COLLIER. Under our statutes which regulate and extend the right of set off,[a] it is conceded that if the action had been prosecuted by the intestate in his life time, the plaintiff would have been entitled to his set off against him. But it is insisted that the insolvency of his estate deprives the plaintiff of that right against his representatives. Our statute for the distribution of the estates of deceased persons when reported insolvent[b] by their administrators or executors, directs that after the payment of certain preferred creditors, to which class the plaintiff does not profess to belong, there shall be made an equal distribution of the assets among the creditors. The question then recurs, can the death of the intestate deprive the plaintiff of a pre-existing right. If the plaintiff had thought proper, he might have coerced the intestate to an adjustment of their respective demands, or he might have delayed until an action was instituted against him, and then have claimed to be allowed a set off; either of these courses might have been adopted, had the intestate instituted an action in his lifetime; the right then was existing in the plaintiff absolutely before the intestates death; and it would seem that that event could have no influence upon it; but that it must be considered in the light of other rights, not to be lost unless expressly or impliedly waived by the party who was entitled to it.

In *Rapier*, administrator of *Mays v. Holland and Bruce*,[c] this Court ruled that "in an action on a promise made to an administrator, a debt due from his intestate, cannot be set off; the demands are in different rights; to set off the the last against the first might do injustice to the rights of other creditors; and with our statutes as to insolvent estates &c. would tend to involve estates in endless confusion." With respect to this case it may be observed, that no set off had even attached in favor of the party offering it. And had a different rule been laid down, it would have been in the power of a creditor of a deceased person, by the purchase of the estate, to receive the entire amount of his claim in exclusion of other creditors, who in law and equity might be equally meritorious.

a Laws of Ala.
457, 69.

b Laws of Ala.
329.

Minor's Ala.
Rep. 176.

In *Pitcher and Remsen v. Patrick's administrators* [a] though the question came up, the right of a defendant to set off a debt due him from the intestate against the demand due the intestate, was not discussed; yet the decision of the Court in that case is founded upon the supposition that such right was unquestionable.

The offer to set off cannot be assimilated to the prosecution of a suit by the party sued, and is therefore not prohibited by the act in regard to insolvent estates, which declares, that no suit shall be maintained against an administrator or executor, after the estate he represents is legally reported insolvent. The defendant does not voluntarily come into Court to assert a right; he is passive, and merely asks the Court to permit him to interpose a barrier to the plaintiffs recovery.

With regard to the sufficiency of the notice of set off, it may be observed, that the same strictness either of form or substance, cannot be required in a notice of set off as would be essential to a special plea. It is enough if it inform the opposite party with reasonable certainty of the demands proposed to be set off on the trial. The notice in this case we believe sufficient for that purpose; and do therefore reverse the judgment, and remand the cause to the Court below.

Reversed and remanded