## POND *vs.* VANDERVEER.

1. A deputy sheriff is not liable to a plaintiff in attachment for failing to require sufficient security on the replevy bond taken by him for goods seized under the attachment.

Error to the Circuit Court of Montgomery. Tried before the Hon. Samuel Chapman.

THIS was an action on the case by the plaintiff against the defendant in error, for his failure as deputy sheriff of Montgomery county to require sufficient security on a replevy bond taken by him as such deputy for certain goods which he had levied on under an attachment in favor of the plaintiff, against one Charles G. Mitchell. The declaration contained two counts, to each of which there was a demurrer. The court sustained the demurrers, which is now assigned as error.

BELSER & HARRIS, for the plaintiff:

1. The demurrer to each count of the declaration should have been overruled. According to the common law of England a deputy sheriff could not be sued, because in that country they were not recognised independent of the sheriff.—Ross v. Lane, 3 Hump. 218; Nelson v. Rich, 5 N. Hamp. 455; Murrell v. Smith, 3 Dana, 462; Owens v. Sates, 4 Bibb, 494; Paddock v. Cameron, 8 Cowen, 212.

2. In this country the law is different, because deputy sheriffs are distinct officers in many respects from their principals.— Draper v. Arnold, 12 Mass. 450; Walker v. Foxcraft, 2 Green. 271; 3 Hol. Dig. 543, § 44; 17 Mass. 246; 2 N. Hamp. 89.

3. In Alabama deputy sheriffs *are clearly recognised as civil officers independent of their principals*, and are bound by statute for many of their acts directly to the injured party.—Clay's Digest, 62, § 35; Ib. 217, § 81; Ib. 536, § 11; Hill v. Fitzpatrick, 6 Ala. 319; Garner v. Clay, 1 Stew. 182.

4. Public convenience requires that the deputy sheriff in this case and others like it should be held liable, and that the opinion of the court sustaining the demurrers should be overruled.

ELMORE & YANCEY, for the defendant.

CHILTON, J.—It is an incontrovertible position and one not gainsayed by the counsel for the plaintiff in error, that at the common law the deputy of the sheriff was not regarded as an officer known to the law, but as the mere agent or bailiff of the sheriff who alone was responsible for the improper discharge of the duties confided to his deputy and required by law to be performed by the sheriff. In several of the States the common law has been changed in this respect, and the general deputy or under-sheriff as he is usually called, is an officer recognised by law and capable of acting in his own name, and is required to take an oath of office and to execute for the security of the public a bond with security. In such cases he does not act as the sheriff's servant or deputy, as in England. So in Maine it is held that he acquires a special property to himself in goods by him attached, which the sheriff can neither divest nor control.— Walker v. Foxcraft, 2 Greenl. Rep. 270; see, also, McGruder v. Russell, 3 Blackf. R. 18, and cases collected in 3 U. S. Dig. 442, et seq. In this State, however, the common law, except in some slight particulars referred to by the counsel for the plaintiff in error on his brief, but which do not at all affect the deputy's liability in this case, remains unchanged. He does his acts in the name of the sheriff, is appointed by and amenable to him, gives no bond except as required by the sheriff for his own indemnity, and takes no oath of office. His liability, except in the instances specially provided by statute, is to the sheriff who is responsible for his acts falling within the scope of his authority.—See Land v. Patterson, Minor's Rep. 15; McGehee v. Eastis, 3 Stew. Rep. 307, and cases and authorities there cited.

This view is conclusive of the case against the plaintiff in error. Let the judgment be affirmed.