CAROLINE A. JOYCE, Respondent, v. JOHN JOYCE, Appellant.

Courts cannot know an under officer, and the act and return of a Deputy Sheriff is a nullity, unless done in the name and by the authority of his principal.

A judgment by default will be reversed by the Supreme Court, where the record shows that the defendant had not been legally served with process.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

*Howard & Perley,* for Appellant.

*Crockett & Page,* for Respondent.

No authorities were cited by counsel.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

This was a judgment and decree by default in a suit for divorce.

The record has a certificate of service of the complaint, on the defendant, in Humboldt County, signed by "J. C. Butler, Under-Sheriff." This is insufficient to prove service. It is only by virtue of his official position, that the return of the Sheriff is conclusive, and of such, the Courts must take judicial notice. But the Courts cannot know an under-sheriff, and the act and return of a deputy is a nullity unless done in the name, and by the authority, of the Sheriff.

The record, therefore, does not show that the defendant was brought into Court by service, and for this reason the judgment is reversed and the cause remanded.