## FOX *vs.* LAWSON, ADM'R.

[CONTEST IN PROBATE COURT ON ALLOWANCE OF CLAIM AGAINST DECEDENT'S ESTATE.]

1. *Statute of limitations; for what period suspended in this State.*—The statute of limitations was suspended in this State from the 11th day of January, 1861, to the 21st day of September, 1865.

2. *Affidavit made in Mississippi; what sufficient basis to authorize, on settlement in probate court.*—An affidavit made in the State of Mississippi, before an officer there, authorized to administer such oath, in regard to the correctness and justice of a claim against a decedent's estate in this State, is a sufficient basis to support an amended affidavit in support of such claim, upon the settlement of an insolvent estate in a court of probate in this State.

APPEAL from the Probate Court of Perry.

Tried before Hon. B. S. WILLIAMS.

This was a proceeding in the probate court of Perry county on the settlement and distribution of an insolvent estate,

The appellant, Fox, preferred a claim against the estate of Osmond T. Jones, deceased. The claim consisted of a promissory note, in the following words :

" $540. On or before the first day of March next, I promise to pay unto N. J. Fox the sum of five hundred and forty dollars, with interest thereon from the first day of this month, for value received. March 25th, 1859.

"OSMOND T. JONES."

The estate of Jones was declared insolvent on the 25th day of February, 1868.

It was objected to the allowance of this claim against said estate : "1st, That said note was barred by the statute of limitations of six years. 2d, That there is no affidavit accompanying the claim. 3d. Because said claim was not proved before any officer authorized to administer an oath to the claimant, of the justice of said claim, without the State of Alabama."

These were all the objections urged against the allow-ance of said claim in the court below. On the hearing, the probate court refused to allow said claim, and gave judgment against the claimant, said Fox. From this judg-ment he appeals to this court.

On the trial below, it appeared that the note fell due on the first day of March, 1860 ; and that it was presented to the administrator *de bonis non* of the estate of Jones, on September 27th, 1866, and on the 24th day of November, 1868, it was filed in the probate court of Perry county, Alabama, by said Fox, as a claim against the estate of said Jones, verified by the oath of the claimant, which was in writing as follows :

"The State of Mississippi, ⎰ Personally appeared be-
    Winston county. ⎱ fore me, J. R. Bozeman, clerk of the probate court of said county, N. J. Fox, who, being duly sworn, deposed and said that the foregoing an-nexed note for the sum [of ] five hundred and forty dollars against the estate of Osmond T. Jones, deceased, is just, correct, and true as stated ; that no part of the same has been paid, nor any security or other satisfaction received thereon,                         **N. J. Fox."**

This affidavit was sworn to on the 3d day of May, 1866, and was filed in said probate court of Perry county, along with said note, to which it was attached.

On the first day of April, 1869, before the final hearing upon said claim, in said probate court, said claimant, said Fox, made and filed with said claim an amended affidavit, in further support of said claim, in the following words :

" The State of Alabama, ⎱ Came personally before
       Perry county.       ⎰ me, B. S. Williams, judge
of the probate court of Perry county, Alabama, N. J. Fox, who, by way of amendment to his original affidavit, hereto attached, after being duly sworn, says that he is the owner of the promissory note hereto attached, made by Osmond T. Jones on the 25th day of March, 1859, payable to affiant on the first day of March next, for the sum of five hundred and forty dollars, with interest thereon from March 1st, 1859 ; that he knows the correctness of said claim, and that the same is just, due and unpaid, and that no portion of the same has ever been paid.

"N. J. Fox.

"Sworn and subscribed before me, April 12th, 1869.   B. S. Williams, judge of probate."

Fox also offered, in further support of his claim, a third affidavit, which bore date of the 3d day of April, 1869, and was sworn to before Charles B. Ames, judge of the probate court of Noxubee county, Mississippi, in which it was stated that said probate court of Noxubee county, aforesaid, was a court of record.   This later affidavit was made by Fox, and alleged the correctness of said claim, and that it was due and unpaid, as required by the laws of this State.

It was also admitted by the administrator of the estate of Jones, that said " J. R. Bozeman and W. H. Hudson were, at the time of making the first affidavit, clerk and deputy clerk of the probate court of Winston county, State of Mississippi, elected, qualified and appointed as required by law of said State ;" and that the "laws of Mississippi authorized the clerk and deputy clerk of the probate court of that State to administer oaths, and certify thereto, the

same as any other officers of said State ;" and that said Fox resided in the State of Mississippi from the making of said note to the time of the trial of this cause in the court below. There was no objection to any of the testimony introduced on the trial in the probate court.

PETTUS & DAWSON, for appellant.
W. L. BRAGG, contra.

PETERS, J., (after stating facts as above.)—The first objection to the note was untenable. It was not barred by the statute of limitations. The note became due on the first day of March, 1860. In Coleman v. Holmes, decided at the present term, it has been settled that the time elapsing between the 11th day of January, 1861, and the 21st day of September, 1865, is to be deducted from the period necessary to constitute a bar. The statute of limitation in this case requires a lapse of six years, from the falling due of the note, before the bar is perfected. The period above mentioned being deducted, the time elapsed is less than six years. This defeats the bar. —Rev. Code, §§ 2898, 2901 ; Coleman v. Holmes, January term, 1870.

The second and third objections are not well taken. The first affidavit made in the State of Mississippi was sufficient, as a basis for the amended affidavit made before the judge of probate of Perry county, in this State, before the final decree. The latter affidavit complied with all the essential requirements of the statute, and it was sufficient. Rev. Code, §§ 2196, 2198 ; Norvill v. Williams, Adm'r, 35 Ala. 551 ; Lay v. Clark's Adm'r, 31 Ala. 409.

The court below, therefore, erred in refusing to allow the claim of the appellant, Fox, and that decree is reversed, and the cause is remanded, with instructions to the court below to proceed in the further adjudication of the matters involved in this suit, in conformity with this opinion, according to law.

The appellee, as administrator de bonis non of the estate of Osmond T. Jones, deceased, will pay the costs of this appeal in this court and the court below.