## WHITE vs. THE STATE.

[INDICTMENT AGAINST DEPUTY SHERIFF FOR DISCLOSURE OF INDICTMENT.]

1. *Indictment under § 3577 of Revised Code; when sufficient.*—An indictment, under § 3577 of the Revised Code, for "disclosure of indictment by officer of court or grand juror," is sufficient if it pursues the form of the statute, and is *in form* analogous to the forms prescribed in the Revised Code.

2. *§ 3577 of Revised Code, deputy sheriff; "officer of court" within meaning*

White v. The State.

*of.*—A deputy sheriff is an "officer of court," within the meaning of § 3577 of the Revised Code.

3. *Same; what necessary to convict under.*—The *intent* to disclose must accompany the act of disclosure, in order to justify a conviction under said section. (SAFFOLD, J., *dissenting, held, that there was no error in refusing the second charge, and that the judgment should be affirmed.*)

APPEAL from Circuit Court of Dallas.
Tried before Hon. M. J. SAFFOLD.

The facts of the case are fully stated in the opinion.

JOHN WHITE, for appellant.
JOSHUA MORSE, Attorney-General, *contra.*

PETERS, J.—The appellant, White, was indicted at the fall term, 18⟨ 8, of the circuit court of Dallas county, under § 3577 of the Revised Code of Alabama. There is but one count in the indictment, which is in the following words:

" The grand jury of said county charge that, before the finding of this indictment, Hamilton White, who is deputy sheriff of Dallas county, and being then and there such deputy sheriff and an officer of court, disclosed the fact that an indictment had been found by the grand jury of said county against one William Gill, before the said William Gill had been arrested, or given bail for his appearance to answer thereto, against the peace and dignity of the State of Alabama."

There was a demurrer to this indictment, which was overruled.

Indictments under our Code are *sui generis.* It will not do to apply to them the rules for the construction of indictments at common law. According to our system, a public offense is an act or omission forbidden by law, and punishable as prescribed in the Code. The law, then, defines what acts, or omissions to act, shall be a public offense.—Rev. Code, § 3550, *et seq.* An accusation in writing, presented by the grand jury to the court as a true bill, charging a person with having committed the act, or omission to act, which the law denounces as an offense, is a

sufficient indictment.—Rev. Code, § 4109; Sheph. Dig. p. 71, § 5, *et seq.* This charge may be in the language of the statute, or in words conveying the same meaning, or if it be a common law offense, it may be charged as at common law.—Rev. Code, § 4119, 4120. The indictment in this case fully comes up to these requisites. It is therefore sufficient, and the circuit court did not err in refusing to quash it on demurrer.

After the demurrer was disposed of, the accused went to trial before a jury, who found him guilty, and assessed a fine against him of two hundred dollars. Upon this verdict the court gave judgment against the accused for the fine, thus assessed, and for costs. This judgment is in the usual form. From this judgment the appellant brings the case to this court by appeal.

On the trial in the court below, it is shown by a bill of exceptions, taken by appellant, that the State introduced testimony tending to show that one Gill was indicted in the circuit court of Dallas county for murder, at the fall term, 1866, of said court; that a *capias* was regularly issued on said indictment, and put in the hands of the sheriff of said county for execution. This was done on the 25th day of July, 1868; and afterwards, the accused, "some time in the latter part of the summer, or first of the fall of the year 1868," was in the town of Cahaba, when he asked the witness, who was testifying, if he knew said William G. Gill; thereupon, witness told the accused where Gill lived, and how to go to his house, and accused then exhibited to witness a *capias* for the arrest of Gill. A *capias* was shown to the witness, and he thought it the same which had been exhibited to him upon the occasion mentioned as abovesaid. This paper disclosed that said Gill was indicted for murder. After this disclosure, the accused came back to witness and requested him not to say any thing about the exhibition of said *capias*. While in Cahaba, on the occasion above mentioned, the accused, as deputy sheriff, was making arrests there, as such deputy sheriff, on *capiases*. It was also proved, that at the time mentioned above, the said accused was acting as deputy sheriff of said county. It was also shown, that said Gill was not arrested

upon the *capias* abovesaid, which had been exhibited, but was subsequently arrested on another writ. The bill of exception states that "this was all the evidence in the case."

Upon this testimony the appellant, the defendant in the court below, asked three charges. The second was in these words :

"If the jury find that whilst defendant's intention was to get information by which he could arrest Gill, he was not guilty." This charge was refused, and defendant excepted.

The third charge was given as asked, and then qualified by a more general charge, covering the same ground. It was as follows, with the qualification appended:

".That a juror's knowledge, that Cahaba is in Dallas county, is not evidence upon which they can act, unless the juror proves it as a witness on the stand."

The court gave this charge, but, in explanation thereof also instructed the jury, "that if they believe, beyond. a reasonable doubt, from all the evidence in the case, that said disclosure was made by the defendant in Dallas county, then the State has made out the case, so far as the venue is concerned."

It does not appear that this explanation was excepted to by the accused.

The propriety of the second charge will be first considered.

The statute upon which the indictment is founded, is an important law, and its strict observance is a very necessary duty, imposed upon *all* "the officers of court." It is in these words :

"Any judge, solicitor, clerk, or other officer of court, or any grand juror, who discloses the fact that an indictment has been found, before the defendant has been arrested or has given bail for his appearance to answer thereto, is guilty of a misdemeanor, and must, on conviction, be fined not less than two hundred dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months."—Revised Code, § 3577.

White v. The State.

Although the language of the second charge is somewhat obscure, and may not be correctly copied into the transcript, yet, when referred to the evidence, enough appears to show that it was designed to raise the question of *intent*, which was neccessary, in connection with the act of disclosure, to constitute guilt. Construing the charge in this light, there can be no doubt that there must exist an intention to disclose, as well as an act to disclose, the fact of the finding of the indictment, before there can be a conviction under this statute.—1 Bish. Cr. Law, § 365, 370, pp. 203, 206, *et seq ;* 1 Russ. Cr. p. 48, marg. *Actus non facit reum, nisi mens sit rea.*—3 Greenleaf's Ev. § 13 ; Broom's Max. p. 211, § 226. But the intention with which an act is done, may be inferred from the act itself. And as no sane person is presumed to act without intention, it is permissible to look to the act to interpret the intention ; otherwise the intention, which is most usually secret, could not be discovered.—3 Greenleaf's Ev. § 13, 14. Here there was an attempt to show that there was an excuse for the disclosure ; that it was not intentionally made. This proof was competent, and the charge asked was properly based upon it. It ought, therefore, to have been given. The court erred in its refusal.

The third charge was not refused, and the explanation appended to it was not excepted to. It does not present any question for review in this court.—Rev. Code, § 4302, 4314.

The deputy of the sheriff of the county, is an officer of court, and as such he is liable to indictment, under section 3577 of the Revised Code.—Rev. Code, § 817 ; *Kavanaugh v. The State*, 41 Ala. 399 ; 17 Ala. 426.

The judgment of the circuit court, from which this appeal was taken, is reversed, and a new trial is ordered in the court below. The defendant, who is the appellant in this court, will be held in custody until discharged by due course of law.

B. F. SAFFOLD, J., *(dissenting.)*—The charge refused, for which the judgment is reversed, is too imperfectly expressed in the transcript to convey any definite idea of

its meaning. If we intend (the only interpretation which seems to be permissible,) that the defendant was not guilty, if his intention in exhibiting the *capias* to the witness was to get information by which he could arrest the accused, it was properly refused. It asserts the proposition, that the intention to get information by which he could arrest the party indicted would avoid the offense, no matter how carelessly, or unnecessarily, or even willfully, he exhibited the *capias*, or conveyed the information that an indictment had been found.