[Walker v. Wigginton's Administrator.]

## Walker v. Wigginton's Administrator.

*Bill in Equity to establish Equitable Set-off against Judgment at Law.*

1. *Liability of indorser of non-negotiable note; waiver of suit to first term against maker.* — An indorsement of a non-negotiable note, in these words: "For value received, I indorse the within note to B. W., and *waive* suit to be brought to the next term of the circuit court, when suit should be brought," is an absolute and unconditional waiver of the time of bringing suit against the maker, and does not impose on the indorsee the duty of bringing suit to the second ensuing term (Rev. Code, §§ 1851, 1853); but he must, nevertheless, bring suit against the maker, before the statute of limitations has effected a bar, and prosecute it to insolvency.

2. *Same; what excuses prosecution of suit to insolvency.* — If the maker of the assigned note is dead at the time of the assignment, and his estate is declared insolvent after the institution of a suit against his personal representative, this excuses the assignee (Rev. Code, § 1854, cl. 6) from prosecuting the suit to a return of "No property found" on an execution.

3. *Presentation of claim against decedent's estate, and against insolvent estate.* — Where a non-negotiable note, which has been assigned by indorsement, is filed in the office of the probate judge, as a claim against the estate of the deceased indorser (Rev. Code, § 2241), accompanied with an affidavit, "that the above attached note, and the indorsement thereof, is correct," this is a sufficient presentation to prevent the bar of the statute of non-claim; and if the estate is afterwards declared insolvent, and the claim is subsequently filed against it in the same form, and with the same affidavit only attached, the filing is sufficient (Rev. Code, § 2196), and the defects of the affidavit may be supplied at any time before the final decree.

4. *Equitable set-off against judgment in favor of insolvent estate.* — After the estate of a deceased judgment creditor has been declared insolvent, the judgment debtor cannot come into equity to establish a set-off against the judgment, since he has an adequate remedy in the probate court.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed on the 16th March, 1869, by B. W. Walker, against the administrator *de bonis non* of the insolvent estate of Henry B. Wigginton, deceased; and Benjamin Harrison was also joined as a defendant, but was only a nominal party. The object of the bill was to enjoin a judgment at law, for about $1,725, besides costs, which a former administrator of said Wigginton's estate had recovered against the complainant and said Benjamin Harrison, in November, 1867, and to set off against it a claim which the complainant held against said estate, founded on Wigginton's indorsement to him of a promissory note for about $6,400, executed by one B. F. Tarver, deceased. The judgment against which the complainant sought relief, and which was rendered by default, was founded on two promissory notes, one for $257, and the other for $1,250; both dated the 22d December, 1865; the former being due one day after date, and the other twelve months after date. These notes were given by the complainant to said Wigginton in part payment of the purchase-money of a tract of land, and Benjamin Harrison signed them as

surety for the complainant, and co-maker with him. Wigginton died, intestate, in 1866, and his estate was declared insolvent on the 2d January, 1868.

Tarver's note, which Wigginton transferred by indorsement to the complainant, was dated the 1st January, 1861, and payable on the 1st January, 1862, to said H. B. Wigginton as the executor of Ben. Wyche Walker, deceased, who was the father of the complainant. The indorsement was dated the 15th September, 1862, and was in these words: "For value received, I indorse the within note to B. W. Walker, and waive suit to be brought to the next term of the circuit court, when suit should be brought." Tarver died in 1865, and his will was duly proved in the probate court of Montgomery. The complainant commenced suit on the note, in 1866, against his executor; and while this suit was still pending and undetermined, some of the creditors of Tarver's estate filed a bill in chancery, removing the administration of the estate into the chancery court, and enjoining the further prosecution of the suit on the note. The estate of said Tarver was decreed insolvent by said chancery court on the 7th October, 1867; and the creditors were required to prove their claims before the register on or before the 1st January, 1868. At the March term, 1868, in that cause, the register's report ascertained the complainant's debt, on the note above described, to be $2,698; and the report was confirmed.

The allegations of the bill in this case, as to the grounds of equitable relief against said judgment at law, are in these words: " In the said chancery suit, and the proceedings thereunder, all the available assets of said Tarver's estate have been brought in and accounted for, and said estate is in fact insolvent to the extent above averred. There has been no decree of distribution rendered in said cause, and the assets are still in the hands of the register, awaiting the action of the court on certain other claims not yet adjudicated. Your orator cannot state with certainty what per cent. of his said demand he will be able to realize from the assets of said estate; but he is advised, believes, and charges, that he cannot, at the best, realize thirty per cent., if so much; and that until the March term, 1868, he could not approximate the amount he would realize, and has not yet been able, by any decree or judgment of any court, to fix and determine the liability of said Henry B. Wigginton's estate by reason of said indorsement. The liability of said Wigginton's estate to your orator, on account of his indorsement of said note, was not at the November term, 1867, of said circuit court, and is in fact not yet, in such form that it could or can be made available as a set-off at law against the demand of said estate against your orator and said Harrison;

and your orator is advised, believes, and so charges, that his only means of availing himself of his just defence against said judgment, and of recovering his just demand from the estate of said Wigginton, is in this honorable court."

On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is now assigned as error.

STONE & CLOPTON, for appellant.

R. M. WILLIAMSON, *contra.*

PETERS, C. J.—This is a bill to enforce the allowance of a set-off against a judgment at law. The appellant, Walker, is the complainant in the court below; and the administrator of Henry B. Wigginton, deceased, is the principal defendant. The other defendant, Harrison, is merely a nominal party; no decree can be rendered against him, and none in his favor. The cause was submitted on the bill, answer, amended answer, exhibits, agreement of counsel, and depositions taken on both sides. There was no demurrer, or motion to dismiss for want of equity; but pleas for defendant Wigginton were incorporated in his answers, setting up a want of sufficient diligence to sue the maker of the note indorsed by Wigginton to Walker, in time so as to bind Wigginton on his indorsement, and the statute of non-claim.

The case made by the bill and answer is substantially this: On the 22d day of December, 1865, the complainant, Walker, executed to Henry B. Wigginton, then living, two promissory notes of that date; the one for $257.00, due one day after date, and the other for $1,250.00, due twelve months after date; both payable to said Wigginton. After this, in 1866, Wigginton died, intestate; and Relfe, who has been succeeded by Newman, the appellee, was duly appointed administrator of his estate. This appointment was made on June 22, 1866. After Relfe's appointment, he sued Walker, some time in 1867, on the notes above said, in the circuit court of Lowndes county in this State, and prosecuted this suit to judgment in said circuit court, at the November term thereof, 1867. To this suit Walker made no defence. On this judgment, thus obtained, execution was issued against Walker, and levied on his land to satisfy the same. Walker then filed this bill, praying an injunction to stay said execution, and for an account to be taken to ascertain what sum of money was due to him from Wigginton at his death, on a certain indorsement of a promissory note, made by one Tarver, and payable to Wigginton, bearing date January 1, 1861, for $6,400, and falling due on the 1st day of January, 1862; which note Wigginton during his life, on

the 15th day of September, 1862, assigned by indorsement to Walker; and that on said accounting he be allowed to retain in his hands, by way of set-off to said judgment, such amount as said Wigginton owed him on said indorsement; alleging, also, that he had used due diligence to collect said note last said from said Tarver, and had failed; and that said Wigginton was still bound on said indorsement for whatever sum was due and unpaid thereon.  It is alleged, also, that Tarver had died, and his estate had been declared insolvent.  Tarver died before the suit on the note was commenced against him.  But it is shown that his representative was sued, after his death, by Walker, on the note, some time in 1867.  But, before this suit proceeded to judgment, one Smith filed his bill in chancery, against Tarver's representative, in favor of himself and other creditors of Tarver, praying that the administration of Tarver's estate be removed into the court of chancery, for final settlement and distribution among his creditors.  Walker was made a party to this suit, as a creditor of Tarver, and his suit against Tarver's representative was enjoined, and the administration of Tarver's estate was removed into the court of chancery, and is still pending in that court; and upon reference to the register, to ascertain the amounts due each creditor of Tarver, it was found that Walker's debt amounts to $2,689.31.  This report of the register was made at the March term, 1868, and confirmed by the chancellor.  But it was not then ascertained, nor since disclosed, so far as is shown by the record in this cause, what amount of this balance on the Tarver note would be paid on distribution of Tarver's estate on the settlement of the insolvency.  It also appears that Wigginton's estate was regularly declared insolvent on January 2, 1868.  It further appears that, at the time the suit above said, brought by Wigginton's administrator against Walker, in 1867, as above said, was pending, it was not known, and could not be known, what sum, if anything, was due and owing on the liability created on said indorsement above referred to; and it is insisted that this claim was not then in a condition to be pleaded as a set-off.

1. It is contended by the appellee, that the failure to sue Tarver, or his executor, on the note assigned to Walker by Wigginton, to the first court after the assignment, discharged Wigginton from his liability on the indorsement.  It is replied to this, that the indorsement waived this right on the part of Wigginton.  The assignment is in writing, on the back of the note, and is in these words: " For value received, I indorse the within note to B. W. Walker, and *waive* suit to be brought to the next term of the circuit court, when suit should be brought, September 15, 1862."  This contract of indorsement

is the foundation of Walker's claim against the estate of Wigginton, and by it he seeks to obtain a set-off against the judgment in favor of Wigginton's administrator above said. The first question presented by the record, then, is the effect of this indorsement. Is it absolute, or is it conditional? The words of the indorsement, which must govern where they are free from doubt, are certainly without any express condition. They show that the right as to the time for bringing the suit was waived. To waive is to give up, to abandon, and relinquish. It leaves the thing abandoned as though it had never been. See Bouvier's and Webster's Dictionaries. The language used in the act is, " The time for bringing the suit, as required by the two preceding sections, may be *extended*, or *waived*, by consent of the indorser or assignor in writing, signed by him." Rev. Code, § 1853; also, §§ 1851, 1852. The contract of indorsement above set out conforms to this requirement of the law. It is an unconditional waiver of the right that existed before the waiver was made. The waiver does not mean a mere postponement of the time for bringing the suit, because the word *extended*, used in the same connection, which means postponement, is used in opposition to it. They are disjunctively connected, and are, consequently, intended to mean two things; the one, to postpone, and the other to relinquish and altogether abandon the requisition to sue. But only the *time* for bringing the suit is waived, not the suit itself. It was still necessary, after the waiver, to sue; and suit at any time before the statute of limitations barred the demand was sufficient.

2. Suit on the note was brought against the representative of Tarver in " the year 1866." This was in time. This suit was not prosecuted to judgment, because it was enjoined, and transferred to the chancery court. There it was continued by the proceedings on the insolvency of Tarver's estate. But it is also shown that, after the suit was brought, Tarver's estate was declared insolvent. This was a sufficient excuse for failing to comply with the other requisitions of the statute. Rev. Code, § 1854, cl. 6. Then, this objection must also fail to excuse and discharge the indorser from his liability on his indorsement.

3. Besides this, another objection is interposed to the complainant's recovery in the court below. It is insisted that the claim against Wigginton's estate, growing out of the contract of indorsement, is barred by the failure to present it in time to the administrator, so as to exclude the bar of eighteen months. The record shows that there are two memoranda of filing the claim against Wigginton's estate, in the office of the judge of probate. The first is in these words: " Filed in office December 2, 1867." When this filing was made, there was also

an affidavit of the same date appended to the note and indorsement, which declares " that the above attached note, and the indorsement of Henry B. Wigginton thereon, is correct." The second memorandum is in these words : "Filed January 4, 1868." Both memoranda are signed and certified by the judge of probate in due form. The record shows that the note was actually presented to the executor of Tarver, once on July 8, 1861, and again on July 2, 1862. This rendered it unnecessary to file the claim arising on the note against Tarver's estate. It had been twice actually presented. Although it is not without some question, yet it would be irrational to suppose that the filing first named above was intended to apply to the Tarver estate, and not to the estate of Wigginton. I think it sufficiently clear that both memoranda of filing refer alone to Wigginton's estate. Such a filing was sufficient, in lieu of presentation, to save the demand from the bar of the statute of non-claim of eighteen months. Rev. Code, § 2241. This objection is also overruled. The second filing was on the 4th day of January, 1868. This was two days after the estate of Wigginton was declared insolvent. If the affidavit which was then attached to the note and indorsement, and which had been sworn on the 2d day of December, 1867, was insufficient, or defective, under the requirements of the insolvent laws for settlement and distribution of insolvent estates of deceased persons, it could be amended, and its deficiencies supplied by proof, at any time before the final decree. Rev. Code, § 2196 ; *Prestridge's Adm'rs* v. *Patrick, Irwin & Co.* 46 Ala. 653 ; *Fox* v. *Lawson*, 44 Ala. 319 ; 21 Ala. 194. This filing was sufficient under the insolvency. It was in time. Rev. Code, § 2196 ; *Erwin et al., Ex'rs*, v. *M'Ginn et al.* 44 Ala. 409. This objection is also without avail.

4. In further objection to the complainant's prayer for relief in the court below it is urged, that he has a sufficient remedy at law, and that there is no remedy in equity whatever. This is the only remaining objection to be disposed of. This bill was filed on the 29th of March, 1869. On the 2d day of January, 1868, the estate of Wigginton was duly declared insolvent. The bill was then filed after the declaration of insolvency. It has been repeatedly declared by this court, that the declaration of insolvency has the effect to transfer the adjustment of all claims against the estate so declared insolvent to the jurisdiction of the court of probate. 1 Brickell's Dig. p. 948, § 472, and cases there cited. It is true that these decisions were not made under our present statute ; but the alteration since does not change the principle here settled. After the declaration of insolvency, no suit can be entertained against the personal representative of the deceased, except for the pur-

[Christian v. Morris.]

pose of ascertaining the amount of the demand or debt claimed against the estate, and, after the judgment settles the amount of the demand or debt, a copy of it is to be certified and filed in the court of probate. Rev. Code, §§ 2208, 2209. After this, the claim cannot be treated as a set-off; but it must be certified and filed as a claim against the estate, and allowed its share of the assets for distribution among the creditors, according to the order of its preference. Rev. Code, §§ 2209, 2177, 2205, 2064. This law must be administered in the same manner, whether the jurisdiction is exercised in equity or at law. Walker might have pleaded his claim, if it was then fixed, and its amount ascertained, as a set-off to the suit at law on his notes to Wigginton, while that suit was pending, whether the estate was solvent or insolvent. Rev. Code, § 2642; *Perrine* v. *Warren*, 3 Stew. 151. But, after the judgment was rendered, he became bound to pay it. The administrator could not release him, because the law does not permit it. Neither could the chancery court release him. All courts are governed by the statutes. The bill does not show that the claim growing out of the indorsement could not be collected on the settlement and distribution of the estate of Wigginton in the court of probate. Then, there are no sufficient grounds shown for the interference of a court of chancery. The injunction was, therefore, properly dissolved, and the bill was properly dismissed. In such a case, the insolvency of the estate is no ground for the interference of a court of equity. 43 Ala. 434, *Ray* v. *Thompson*.

The judgment of the court below is affirmed, with costs.