# Palmer, Adm'r *v.* Steiner & Lobman.

### *Attachment by Administrator for Rent accruing after Intestate's Death.*

1. *When lessor dies, rents afterwards accruing may be recovered by personal representative.*—The rule of the common law, that on the death of the lessor, rent already accrued passes to his personal representative, while rent subsequently accruing follows the reversion, and belongs to the heir, has been modified by the statutes, conferring on personal representatives power to intercept the descent to the heir, and to take the rents accruing, and to rent or sell the lands, when necessary for the payment of debts; and when, in the exercise of this statutory power, he claims the accruing rents, his right and title to them are the same that he has to any other choses in action of the decedent.

2. *Suit by personal representative on demand owing to decedent; what available as set-off.*—A demand against a decedent held and owned at the time of his death, may be set off to a demand owing him, and may be interposed to an action by the personal representative on the latter demand, although the decedent's estate has been declared insolvent.

3. *Same; when set-off not affected by statute of non-claim.*—Nine months from the declaration of insolvency not having expired when the trial was had in a suit by a personal representative on a claim owing the decedent, a demand against the decedent set off against such claim, is not affected by the statute of non-claim.

APPEAL from Wilcox Circuit Court.

Tried before Hon. JOHN K. HENRY.

This suit was commenced by attachment on 24th September, 1878, and was brought by Dabney Palmer, as the administrator of the estate of F. M. Finch, deceased, the appellant, against the appellees, for the recovery of rents of land owned by his intestate, under a contract made with the appellees during the intestate's lifetime, but which became due and payable after his death. The appellees, by appropriate pleas, offered to set off several demands against the intestate held and owned by them at the time of his death, which, in the aggregate, exceeded the amount of the claim sued on. The appellant demurred to the pleas, and his demurrer having been overruled, he replied, among other things, (1) that the estate of his intestate was duly declared insolvent by the Probate Court of Wilcox county on 9th December, 1878, and the estate was then in process of administration in that court; (2) that the note declared on was given to his intestate for rent of land belonging to him for the year 1878, that it was made in December, 1877, about one month previous to his death, and fell due in December, 1878,

[Palmer, Adm'r v. Steiner & Lobman.]

and that suit was commenced on it by the appellant as administrator by attachment before the maturity of the note; and (3) that the claim sued on and the sets-off claimed by the appellees were not mutual debts, nor were they due in the same right, and that said sets-off should not be allowed to the claim sued on, it being for rent "accruing partly in the lifetime of plaintiff's intestate, and partly since his death." The appellees admitted of record, that said estate had been declared insolvent as averred in the first replication, and interposed a demurrer to the other replications, which was sustained by the court. The trial resulted in a verdict and judgment for the appellees, from which this appeal was taken.

The overruling of appellant's demurrer to the pleas of set-off, and sustaining the demurrer to his replications, are here assigned as error.

COCHRAN & DAWSON, for appellant.

S. J. CUMMING, *contra.*

BRICKELL, C. J.—The rule of the common law is, that if a lessor dies, rent which has accrued, which is due and payable, passes to the executor or administrator; rent subsequently accruing follows the reversion, and belongs to the heir. The rule here is modified by the statutes which confer on the personal representative power to intercept the descent to the heir, to take rents accruing, and to rent or sell the lands, when necessary for the payment of debts.—1 Brick. Dig. p. 937, §§ 330-33. When the power is exercised, when rent accruing is claimed by the personal representative, he has the same right and title to it, which he has to other choses in action of the testator or intestate; he takes it, as he would take an ordinary debt contracted in the life of the deceased, but falling due after his death. There is no new contract or agreement, by which the tenant becomes liable to him in his representative capacity for use and occupation; he simply succeeds to the right of his intestate or testator, the descent to and right of the heir being intercepted in obedience to the purposes of the statute to further the payment of debts.

A demand against a testator or intestate, held and owned at the time of his death, is a valid set-off to a demand owing him, and may be interposed to an action by his personal representative on the latter demand, while the rule is otherwise as to a debt contracted with, or subsequently accruing to the personal representative.—*Perrine v. Warren,* 3 Stew. 151. The sets-off interposed by the pleas, were properly

(26)

[Lee v. Winston, Adm'r.]

allowed; they were of debts of the intestate, held and owned by the defendants at the time of his death, and it was in his right, on a debt accruing to him, the plaintiffs were suing. Nine months from the declaration of insolvency had not expired when the trial was had, and the validity of the sets-off was unaffected, as claimed, by the failure to file them in the court of probate.

Affirmed.