# Andrews *v.* The State.

*Indictment for Resisting Officer.*

1.  *Who is "officer of the State."*—A special deputy, employed and authorized by the sheriff to execute a particular process, is "an officer of the State" within the meaning of the statute against resisting an officer in the execution of process (Code, § 4137); in the construction of which statute, the court declines to follow the *dictum* in *Kavanaugh v. The State*, 41 Ala. 399.

[Andrews v. The State.]

2. *Sufficiency of indictment.*—The indictment in this case, substantially conforming to that prescribed by the Code (No. 47, p. 996), is sufficient on demurrer.

FROM the Circuit Court of Dale.

Tried before the HON. H. D. CLAYTON.

The indictment in this case charged that James E. Andrews "did knowingly and willfully oppose or resist Sam Dick, who was then and there a person specially deputized by the sheriff to execute the warrant hereinafter set out in full, an officer of said State and county, in attempting to serve or execute a warrant of arrest issued by John W. Simmons, judge of the County Court of said county, which said warrant was in the following words," setting it out. The defendant demurred to the indictment, "because it does not show that said Dick was an officer of the State at the time of the alleged resistance;" and "because it fails to show that said sheriff was at the time an officer of the State, and that he had authority to deputize Dick to make said arrest;" and "because said indictment is bad or defective for ambiguity and uncertainty, in that it fails to allege that said Dick was specially deputized by a sheriff of the State of Alabama, or by any other State officer." The court overruled the demurrer, and the defendant then pleaded not guilty. On the trial, as the bill of exceptions states, "the following facts were agreed on : That Sam Dick was specially deputized by the sheriff of Dale county to make the arrest in the particular case only ; that he took no oath of office as such special deputy, and gave no bond ; that the sheriff never indorsed on the warrant the words *Received in office,* and delivered it to Sam Dick for execution. On these facts, the defendant asked the court to charge the jury, that Sam Dick was not such an officer as could be resisted under section 4137 of the Code, and that they must find the defendant not guilty, if they believed the evidence." The court refused this charge, and the defendant excepted to its refusal.

No counsel appeared in this court for the appellant, so far as the transcript and the dockets show.

THOS. N. McCLELLAN, Attorney-General, for the State, cited Murfree on Sheriffs, § 83 ; *State v. Moore,* 39 Conn. 249 ; *State v. Wilson,* 2 ) Ohio St. 348 ; *McCracken v. Todd,* 1 Kans. 148 ; *McGee v. Eustis,* 3 Stew. 307.

SOMERVILLE, J.—The defendant is indicted for knowingly and willfully resisting "an officer of the State" in executing a warrant of arrest, under section 4137 of the present Code. The evidence shows that the person resisted was a

special deputy of the sheriff, who was employed to execute the particular process only.

We are satisfied that the special deputy was an officer of the State, within the meaning of this statute. The law makes it the duty of the sheriff to have one deputy, and authorizes him to have as many as he may think proper.—Code, § 729. The office is a mere statutory creation, and not a constitutional one. After his appointment, he had the authority to execute the process by arresting the defendant, and his duty was commensurate with his authority. *Pro hac vice*, he was an officer, within the generic meaning of the term, because he was executing an agency of the State under the authority of a public law.—*State v. Stanley*, 66 N. C. 59 ; s. c., 8 Amer. Rep. 488 ; *State v. Wilson*, 29 Ohio St. 348; *Pond v. Vanderveer*, 17 Ala. 426. It can not be supposed that the law would impose upon him the authority and duty to make an arrest under legal process, and at the same time deprive him of the protection absolutely necessary for the successful discharge of such duty.—Murfree on Sheriffs, § 83; *State v. Moore*, 39 Conn. 249.

In *Kavanaugh v. The State*, 41 Ala. 399, it was said, that a special deputy, employed by a sheriff in particular cases, was not an officer within the meaning of section 4126 of the Code of 1876, prior to the amendment of January 24, 1876, relating to negligent escapes by sheriffs and other officers. This was a *dictum*, however, and whatever may be our view as to its soundness in that particular case, we decline to follow it in construing the statute now before us.

This decision is in harmony with the principle, that a third person is, according to the better opinion, indictable for resisting one who is merely an officer *de facto*, or one who has the reputation of being a lawful officer, and yet is not a good officer in point of law.—1 Bish. Cr. L. (7th Ed.), § 464.

The form of indictment sufficiently complied with that prescribed in the Code, and the objections taken to it by demurrer were properly overruled.—Code of 1876, p. 996, Form No. 47 ; *Murphy v. State*, 55 Ala. 252 ; 2 Bish. Cr. Pr. (3d Ed.) §§ 884 *et seq.; Cary v. State*, 76 Ala. 78.

Affirmed.