T. D. GIBBENS, APPELLANT, VS. JOSEPH L. PICKETT, APPELLEE.

RETURN OF SERVICE BY DEPUTY.

A return of service upon a subpœna in chancery signed by a deputy sheriff in his own name, without disclosing the name of his official principal for whom he acted as deputy in making the service, is a nullity, and furnishes no evidence that the court from which the process issued, acquired that jurisdiction over the person of the party purported to have been served as would warrant it in entering against him a decree, either *pro confesso* or final.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion.

*W. B. Owen* for Appellant.

*C. P. & J. C. Cooper* for Appellee.

TAYLOR, J.:

T. D. Gibbens, the appellant, as assignee of a mortgage made by J. L. Pickett, the appellee, to A. H. Hudson and L. Bonnell, filed his bill on the 2d of April, 1887, in the Circuit Court of Duval county,

against Pickett, the mortgagor, to foreclose the same. Subpœna in chancery to the defendant, Pickett, was issued on the day the bill was filed, returnable to rule day in May, 1887, and the same was filed in the clerk's office on April 15th, 1887, with the following return of service endorsed thereon: "Received this subpœna April 2, 1887, and served the same April 9, 1887, by delivering a true copy thereof, in the county of Duval, to the within named Joseph L. Pickett, and at the same time exhibiting to him this original writ. E. J. Murphy, deputy sheriff." The defendant did not appear, demur, plead, or answer, and on the rule day, June 6th, 1887, at complainant's request decree *pro confesso* was entered by the clerk in the proper order book. On the *ex parte* application of the complainant, an order was made June 18th, 1887, referring the cause to a special master to take testimony and report the amount due on the mortgage. Testimony was taken before the master *ex parte* the complainant, and the master made his report, finding $128.24, to be the amount due for principal and interest on the mortgage and for attorney's fees for the foreclosure thereof. On the 27th of August, 1887, final decree of foreclosure was rendered, in which the same special master who took the testimony was authorized as such to sell the mortgaged property. On the 5th of September, 1887, the defendant Pickett by his counsel served the complainant's solicitors with notice that on the 6th of September, 1887, he would move the court to set aside and vacate the decree *pro confesso* and final decree, and for leave to plead to the bill on the following grounds:

T. D. Gibbens v. Joseph L. Pickett.—Opinion of Court.

1st. The subpœna in said cause was not served, or re-turned as served, upon defendant.    2nd. There was no decree *pro confesso* entered in said cause by the clerk. 3rd. No proper proof was made of the alleged cause of action and amount claimed before the master.    4th. Defendant has a defense upon the merits to said cause, as shown by affidavit filed.    This motion was accom-panied by a petition and affidavit of the defendant for the vacation of said decree *pro confesso* and final de-cree, stating that said subpœna had never been served upon him, and that he had no knowledge of the exist-ence of the suit until he saw the mortgaged property advertised in a newspaper for sale.    That he did not owe the amount decreed, and had credits to which he was entitled that had not been allowed.    At the hear-ing of this motion the following order was made on September 6th, 1887: "This cause came on to be heard on within petition, and having been argued by counsel, it is ordered that the decree *pro confesso* and final de-cree in this cause be vacated and set aside, and that defendant do plead, answer or demur to the bill in this cause within ten days from this date.    Jas. M. Baker, Judge."    From this order the complainant took his appeal to this court.

It is asserted in the appellant's petition of appeal, and reiterated in his briefs, that the ground upon which the court below made the order appealed from was, that the return of service of the subpœna in the cause, as made by the deputy sheriff *in his own name*, in-stead of in the name of his principal, by himself as deputy, was illegal, and was no evidence that the de-

fendant had been duly served with process in the cause.
We have no doubt that the return of service as made
upon this subpœna was a nullity, and cannot be relied
upon as evidence that the court acquired jurisdiction
over the person of the defendant to whom said subpœna
was directed.    While our statute (sec. 16, p. 939 McC's
Dig., Sec. 1247 Rev. Stat.) in express terms authorizes
sheriffs to appoint deputies to *act under them* who
shall have the same power as the sheriffs appointing,
and for whose neglect and default in the execution of
their office the sheriff shall be responsible, still there
is nothing more in this statute than a declaration of
that which was common law on the subject from time
immemorial in England and in this country, and we
can see nothing in the statute that creates in a " deputy
sheriff " any independent distinctive official power or
authority except such as he derives *as deputy* from
and through his principal.    The term " deputy " nec-
essarily carries with it the idea that he has a principal,
and that he can not act independently in his own name
and stead, but performs all official acts of this kind in
the name and stead of such principal for whom, *as
deputy*, he is alone authorized to act.    If he under-
takes to act in his own name and on his own authority,
then he no longer acts *as deputy*, but as an independ-
ent official recognizing no official superior.    When he
acts *as deputy* for, and in the name and stead of, his
principal, then the law recognizes *his acts as* being the
*acts of his principal*, just as though the principal had
performed them in person.    And it is only when the act
of the deputy can be thus recognized *as the act of the*

*principal,* that it can be recognized at all. When he-ceases to act for the principal, as the *principal's dep-uty,* he at once becomes stripped of all official author-ity. The acts that he performs are *official* acts that devolve *by law* upon his *principal;* and when he per-forms them, and, as in the case at bar, gives *expression* to his performance of them in the shape of a return of the service of process, he must make it appear therein that it is the *act of his principal* by or through himself as deputy, otherwise the action can not be recognized as official. Jordan vs. Terry, 33 Texas, 680; Arnold vs. Scott, 39 Tex., 378; Talbott vs. Hooser, 12 Bush (Ky.), 108; 3 Kent's Com., 458; Joyce vs. Joyce, 5 Cal., 449; Executor vs. Howard, 23 Cal., 402; Ryan vs. Eads, 1 Breese (Ill.), 217; Ditch vs. Edwards, 1 Scam., 127; McGee vs. Eastis, 3 Stewart (Ala.), 307; Mc-Murphy vs. Campbell, 1 Hayw. (N.C.), 181; Pond vs. Vanderveer, 17 Ala., 426. In this case the return of service on the subpœna in chancery is signed, "E. J. Murphy, Deputy Sheriff."

It does not show for the sheriff of what county even he was acting as deputy; nor is there anything to show that the subpœna ever went into the hands of his prin-cipal to be served. The return of service is a nullity, and was no evidence to the court that it had jurisdic-tion over the person of the defendant alleged to have been served, and, consequently, no valid decree, either *pro confesso* or final, could have been predicated thereon.

The order appealed from is affirmed.