PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ISIDRO
ARZOLA, Defendant and Appellant.

No. 2777.   Argued June 15, 1926.—Decided July 13, 1926.

*Leopoldo Tormes* for the appellant.   *José E. Figueras, Fiscal,* for
the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Defendant was convicted of carrying a weapon and objects
on appeal that an assistant district attorney is without power
or authority to formulate, sign and present an information
over his own signature without using the name of the district
attorney.   The only authority cited in support of this propo-
sition is 22 R.C.L. 372 and 373, and *Gibbons v. Picket,* 31
Fla. 147, to the effect that in some jurisdictions a deputy
must sign and act in the name of his principal.

The *Fiscal* of this court on the other hand relies upon
*People v. Rivera,* 9 P.R.R. 363, and *People* v. *González,* 9
P.R.R. 418, as holding that the official character and status of
a *de facto fiscal* can not be questioned by a defendant on
appeal from a judgment of conviction in a criminal case.

In 5 Corpus Juris at page 1328, after defining the word
"assistant" it is said that "the word is susceptible of
considerable variety of meaning, to be made definite in each
case by the aid of the context, the circumstances, and other
materials of interpretation."

Among other interesting examples of the difficulty involved
in any effort to formulate an accurate definition sufficiently
comprehensive to include and control all cases, regardless of
the rules of statutory construction, we have examined the
cases of *Naill* v. *State,* 59 Tex. Cr. 484, 487; *Freeman* v.
*Barnum,* 131 Cal. 386, 390, and *Murrey* v. *State,* 48 Tex.

Cr. 219, 220, all of which are cited in the foot-note, volume and page *ut supra*.

Sections 5 and 6 of an act entitled "An Act to abolish the District Court for the Judicial District of Ponce as at present organized; to create a new District Court for the Judicial District of Ponce, and for other purposes," Laws of 1925, page 970, read as follows:

"Section 5.—The said court shall have a prosecuting attorney, an assistant prosecuting attorney, a secretary and a marshal, all of whom shall be appointed by the Governor with the advice and consent of the Senate, for a term of four years and until their successors shall have been duly appointed and qualified.

"Section 6.—The deputy-secretaries and deputy-marshals shall be appointed by the secretary and the marshal, respectively, with the approval of the Attorney General, and the stenographers and other employees of the court shall be appointed by the judges thereof."

By the terms of section 5 the assistant prosecuting attorney is made an officer and a component part of the court as distinctly and as specifically as are the secretary, marshal and prosecuting attorney himself. Where the Legislature intended to provide for the appointment of deputies it used the word "deputy" as the usual obvious and ordinary way of indicating that intention. The deputy-secretaries and deputy-marshals referred to in section 6 are to be appointed by the secretary and the marshal, respectively, with the approval of the Attorney General, but not for a specified term. The assistant prosecuting attorney, on the other hand, is to be appointed by the Governor and for a term of four years, and to this extent at least is placed upon the same level with the secretary, marshal and district attorney. Again, the stenographers and other employees of the court are to be appointed by the judges thereof. Here ample provision was made for any clerical assistance that might be needed by the prosecuting attorney.

In the circumstances we are constrained to hold that the Legislature did not intend to provide for an assistant

prosecuting attorney in the sense of a mere clerk, deputy or clerical assistant, but did intend to create a new office, the incumbent of which is a public officer subject only to the supervision and control of the prosecuting attorney and with all the powers and duties of a district attorney in the preparation, prosecution and management of cases entrusted to him by his superior.

The other questions sought to be raised in the brief for appellant do not demand serious consideration.

The judgment appealed from must be affirmed.