# KAVANAUGH *vs.* THE STATE.

[INDICTMENT AGAINST SHERIFF'S DEPUTY FOR ESCAPE.]

1. *Special deputy of sheriff is mere agent, and not officer.*—A special deputy, "employed in particular cases" by a sheriff, is the mere agent of his principal in the particular case, and is not an officer within the meaning of the term as used in the constitution.

2. *Voluntary escape; sufficiency of indictment for.*—An indictment for a voluntary escape, (Penal Code, § 28; Revised Code, § 3569,) which conforms substantially to the form prescribed by the statute, (No. 46,) is sufficiently definite and certain to authorize a conviction for a voluntary escape, whether the defendant be an officer or not.

3. *Same; conviction of less offense than charged.*—Under an indictment against an officer, for a voluntary escape, a conviction may be had for a negligent escape, (Penal Code, § 647; Revised Code, § 4199,) because the greater offense includes the less; but, whether a conviction can be had on proof of a voluntary escape, under an indictment which charges a negligent escape, as was held in *Nall v. The State*, (34 Ala. Rep. 262,) *quære?*

4. *Same ; same.*—Although a special deputy, "employed in a particular case" by a sheriff, is not an officer within the meaning of the constitution, or of section 29 of the Penal Code, (Revised Code, § 3570,) which relates to negligent escapes by officers; yet, at common law, if he had the legal custody of a person who was charged with an indictable offense, and negligently suffered such person to escape, he might be indicted and convicted for a negligent escape; and under the provisions of the Penal Code, (§§ 28-9,. 210, 570; Revised Code, §§ 3569-70, 3757, 4120,) if the indictment charges that he had the legal custody of a person charged with an indictable offense, and voluntarily suffered such person to escape, he may be convicted of a negligent escape, and fined any sum not exceeding five hundred dollars, as prescribed by section 207 of the Penal Code.

FROM the City Court of Montgomery.
Tried before the Hon. THOS. M. ARRINGTON.

THE indictment in this case was returned into court on the 16th February, 1867, and was as follows : "The grand jury of said county charge, that, before the finding of this indictment, Frank Kavanaugh, having then and there been specially deputized by Augustus H. Johnson, sheriff of the county and State aforesaid, to hold in custody one Milton Malone, the said Malone being then and there charged with an indictable offense, to-wit, assault with intent to murder, and having then and there the legal custody of said Milton Malone, voluntarily permitted the said Milton Malone to escape ; against the peace," &c. The defendant pleaded not guilty, and issue was joined on that plea. The jury returned a verdict, finding the defendant guilty of a negligent escape, and assessing a fine of two hundred dollars against him ; and the court rendered judgment accordingly. There is no bill of exceptions in the record, and no writ of error ; but the judgment-entry recites, that the defendant took an appeal.

ELMORE, KEYES & MORRISSETT, for the defendant.
JOHN W. A. SANFORD, Attorney-General, *contra.*

BYRD, J.—By section 689 of the Code, a sheriff is authorized to appoint "as many deputies as he thinks proper" ; and by section 116, such deputy, "before he proceeds to act, must take the oath prescribed by the sixth section of

the seventh article of the constitution"; but a deputy "employed in particular cases" is not required to take such oath. The section of the constitution referred to is as follows: " All civil officers of this State, legislative, executive, and judicial, before they enter upon the execution of the duties of their respective offices, shall take the following oath; 'I solemnly swear,' (or affirm, as the case may be,) ' that I will support the constitution of the United States, and the constitution of the State of Alabama, so long as I continue a citizen thereof; and that I will faithfully discharge, to the best of my abilities, the duties of the office of ———.  So help me God.'"  This clearly indicates, that the legislative department of the government did not consider or treat a special deputy of a sheriff as an officer.  And such a deputy is not an officer, under any constitutional provision. The legislature is incompetent to relieve any civil officer from taking the oath prescribed by the constitution.  Its mandate is positive, and beyond the pale of legislative enactments.  As it *may* be in the power of the general assembly to create offices and officers not provided for in the constitution, yet they can not relieve such officers from the oath above recited; and when the legislature authorizes an officer to appoint a deputy, which, by the common law, could have been appointed by such officer, and relieves such appointee from taking the oath, it is a clear indication of the legislative will, that the appointee is not an officer, but a mere agent of the principal, for the particular case or object which occasioned the appointment.

2.  The indictment in this case is founded on section 28 of the Penal Code, (Revised Code, § 3569,) which is as follows: "Any sheriff, or other officer, or person, who has the legal custody of any person charged with, or convicted of, an indictable offense, and who voluntarily permits such person to escape, must, on conviction, be imprisoned in the penitentiary, or sentenced to hard labor for the county, not less than two, nor more than twenty years."  The indictment is in substantial conformity to the provisions of the Penal Code and the form prescribed therein, (p. 212, No. 46,) and is sufficient to sustain a conviction *for a voluntary*

*escape* permitted by the defendant. The word "person" includes any person, whether he is an officer or not.

3. But the jury in this case found the prisoner "guilty of negligent escape." The Penal Code provides, that a "defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor"; and that where an indictment charges an offense of which there are different degrees, "the jury may find the defendant not guilty of the degree charged, and guilty of any degree inferior thereto." P. 158, § 647. In *Nall v. The State*, (34 Ala. 262,) this court held, that, "under an indictment for a voluntary escape, the defendant may be convicted of a negligent escape, because the former offense includes the latter"; and the court further say: "Consequently, under an indictment against a sheriff, for a negligent escape, a conviction may be had on proof of a voluntary escape." The former extract is considered to be sound law; but, as to the latter, for myself, I desire to say that, as a voluntary escape is made by statute a felony, and a negligent escape is, by statute and common law, a misdemeanor, I do not wish to be considered as intimating any opinion upon the correctness of the doctrine laid down therein, as applicable to a case where any *person* or officer is indicted for a negligent escape, and he is proved guilty of a voluntary escape.

4. But section 29 of the Penal Code provides, that "any sheriff, or other officer, who has the legal custody of any person charged with, or convicted of an indictable offense, and who, through negligence, suffers such person to escape, must, on conviction, be fined not less than two hundred, nor more than one thousand dollars." This provision of the law does not use the words, after the word officer, "or person," as the one does which provides for the punishment of voluntary escapes; and if it had appeared that the court below authorized the conviction of the defendant under section 28, above recited, then it would have raised the question, whether the defendant was a sheriff, or other officer, within the meaning of that section of the Penal Code. We are inclined to the opinion, that he is not, as charged in this indictment.

The jury assessed the fine at the lowest sum allowed by that section, but it is within the *maximum* fixed by section 207 of the Penal Code.—Revised Code, § 3754. If, then, he is not an *officer*, within the meaning of section 28 of the Penal Code, was he, as charged in the indictment, such a person as, at common law, could be indicted for, and convicted of a negligent escape? If so, under the foregoing and other provisions of the Penal Code, he could be convicted of the common-law offense, and punished as prescribed by sections 207 and 210 of the Penal Code, under this indictment.—Penal Code, § 570; Revised Code, § 4120. When convicted on such an indictment, of an offense which was indictable at common law, this section of the Code provides, that he must receive the punishment prescribed by the statute; and section 207 is the statute applicable to this case, if the defendant is such a person as, at common law, could be indicted for, and convicted of, a negligent escape.

There is some obscurity on this subject in the text books. It is averred in the indictment, with sufficient certainty, that the defendant had the "legal custody" of the prisoner who escaped; and we must presume, upon this record, that that averment was proven. Although the sheriff might not have the right to impose upon another, who was not bound by law to take the custody of a prisoner, the duty imposed upon himself by law, to hold prisoners charged with criminal offenses, so as to relieve himself from an indictment for an escape; yet, if he does deputize another specially to hold in custody a prisoner so charged, and the person so deputized has the legal custody of the prisoner, as averred in this case, we have no doubt that such person, if the prisoner escapes by his negligence, was indictable at common law, and, on conviction, was punishable by fine and imprisonment, at the discretion of the court.—2 Bishop's Crim. Law, § 1061 (926); Hawk. bk. 2, ch. 20, § 1. But the statute, in this State, authorizes the jury to assess the fine in cases of misdemeanor, which was done in this case. Penal Code, §§ 210–11.

Mr. Roscoe says: "A private person may be guilty either of a voluntary or of a negligent escape, where he has

another lawfully in his custody."—Cr. Ev. 460. It is said in Hawkins, " that whenever a person is found guilty, upon an indictment or presentment, of a negligent escape of a criminal actually in his custody, he ought to be condemned in a certain sum to be paid to the king, which seems most properly to be called a fine."—Bk. 2, ch. 19, § 31. And further, that " a sheriff is as much liable to answer for an escape suffered by his bailiff, as if he had actually suffered it himself; and that the count may charge either the sheriff or bailiff for such an escape"; and this, he says, is according to the common law.—Bk. 2, ch. 19. See, also, 1 Hale's P. C. 605, n. 1.

Although section 29 of the Penal Code only provides for the punishment of a " sheriff, or other officer," for a negligent escape; yet, as we have shown that any person who had the legal custody of another, upon a criminal charge, and suffered him to escape by negligence, was guilty of a misdemeanor at common law; and as the Penal Code provides a punishment for misdemeanors at common law, we are satisfied, that any person, not embraced by the statute, who is guilty of a common-law misdemeanor, may be indicted and convicted therefor, and punished as prescribed by section 207 of the Penal Code. Such has been the ruling of this court, and to the same effect is the case of *The Commonwealth v. Farrell*, 5 Allen, (Mass.) 130. And such conviction can be had on a statutory indictment for the greater offense, (which is punishable by statute,) where it includes the common-law offense, or the latter is of the the same nature, but less in degree. This we conceive to be settled by the Penal Code and the reasoning in the case of *Henry v. The State*, 33 Ala. 389.

It results, that the judgment must be affirmed.