# Perkins *v.* The State.

*Indictment for Illegal Sale of Liquor.*

1.  *Organization of grand jury in City Court of Anniston.*—The stat-
ute establishing the City Court of Anniston does not require that the
grand jury shall be organized during the first ·week of the term,
but allows it to be organized at such time as the court may deem ex-
pedient.

2.  *Constituents of offense.*—To authorize a conviction for a sale of
spirituous liquor without a license, it is not necessary to prove that
the defendant received pay for the liquor sold; but a conviction can
not be had on proof of a sale in the back room of his store by another
person, unless it was also shown that he was interested in the sale
of the liquor; or that the person who sold it was acting as his clerk.

FROM the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The appellant in this case, R. B. Perkins, was indicted, tried,
and convicted of selling spirituous, vinous or malt liquors, with-
out a license, and contrary to law. The indorsement on the
indictment showed that it was filed in open court on the 25th
day of April, 1890. On the trial of the case, as is shown by
the bill of exceptions, the defendant made a motion to quash
the said indictment, and assigned several grounds for said mo-
tion, which were, in substance, that the grand jury, by which
the indictment was preferred, was not organized the first week
of the court; and that the indictment was not found by a
grand jury regularly organized as required by law. The court
overruled this motion, and the defendant excepted.

Issue was joined on the plea of not guilty. There was only
one witness introduced on the trial of the case, one Noble,
who testified substantially as follows: "I bought a drink of
whiskey from a young man, whose name I do not know, in
the back room of the defendant's store, in Anniston, Alabama.
The defendant was not present when I bought the whiskey.
I drank it there. I do not know who the whiskey belonged
to, nor do I know that the young man was a clerk or employé
of the defendant. I saw the young man there on one occa-
sion, sweeping." This was all the evidence; and the defend-
ant thereupon·requested the court to give the following writ-
ten charges, and duly excepted to the refusal to give each of
them: (1.) "If the evidence fails to show that the defendant
sold and received pay for the quantity of whiskey testified to

[Perkins v. The State.]

in this case, the jury must acquit the defendant." (2.) "The court charges the jury, that it is not sufficient to justify the conviction of the defendant in this case, that the jury believe from the evidence that the whiskey was purchased at defendant's place of business; but, before the jury can find the defendant guilty, they must believe from the evidence (and from the evidence alone), beyond a reasonable doubt, that the defendant was interested in the sale of the whiskey, and that the young man who sold the whiskey was acting as the employè of defendant. It is not enough that the jury suspect that this is the case; they must believe it beyond a reasonable doubt, else find the defendant not guilty."

WM. L. MARTIN, Attorney-General, for the State, cited Segars v. State, 88 Ala. 144; Kirby v. State, 89 Ala. 63; Watkins v. State, Ib. 82; Salm v. State, Ib. 56; Pellum v. State, Ib. 28; Little v. State, Ib. 99; Hawes v. State, 88 Ala. 37; Cooper v. State, Ib. 107.

COLEMAN, J.—The record shows that the grand jury was organized on the 14th day of April, 1890. The regular term of the court began on the 7th day of April, that being the first Monday of the month. The act to establish the City Court of Anniston does not require that the grand jury be organized during the first week, but may be organized at such time as the court may deem it expedient.—O'Brien v. State, 91 Ala. 16. There is no evidence in the record to show that a grand jury had been organized during the term, previous to the one which preferred the indictment. In fact, there is no evidence to support any of the grounds, upon which the motion was made to quash the indictment.

There was no error in the refusal of the court to charge the jury, that "if the evidence failed to show that the defendant sold and received pay for the quantity of whiskey testified to in this case, they must find him not guilty." It is not necessary that the whiskey be sold for cash, to constitute a violation of the law. The witness for the State testified that he bought the whiskey, and there was nothing to controvert the truth of this statement.

We have examined the second charge requested by the defendant, and have not discovered wherein it is erroneous. When referred to the evidence, it asserts a correct proposition of law, and is neither misleading nor argumentative. The witness for the State testified, that he bought the whiskey from a young man in the back room of the defendant's store; that he did not know to whom the whiskey belonged, or the name

of the young man, or that he was the clerk or employè of the defendant; that he had seen the young man, one other time, in the store, sweeping. A charge which substantially asserts. the sale of the whiskey in the back room of defendant's store, alone, was not sufficient to justify a conviction, unless the jury were satisfied beyond a reasonable doubt that the defendant was interested in the sale of the whiskey, and that the young man who sold the whiskey was acting as the clerk or employè of the defendant, is free from objection, and ought to have been given.

Reversed and remanded.

