# Sellers *v.* The State.

*Indictment for Selling Intoxicating Liquors Without License.*

1. *Sale by clerk.*—On a trial of copartners for selling intoxicating liquors, where the prosecution relied on a sale by defendants' clerk, evidence of previous deliveries of liquor by defendants themselves, which they contended were orders which they had had filled for the accommodation of their neighbors, is admissible as tending to show a conspiracy to sell liquor, and consequently an acquiescence in the act of their clerk.

FROM the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.
Joseph S. Sellers and Robert Sellers were convicted of

violating a local prohibition law by the sale of liquor outside of the police jurisdiction of the city of Montgomery.

The testimony for the State tended to show that Joseph S. Sellers and Robert Sellers were carrying on a general merchandise business about eighteen miles distant from the city of Montgomery, and that Cornelius Sellers was their clerk; that on December 25, 1891, the said Cornelius sold to one George Bonham, for Anderson Flinn, 50 cents worth of whisky; that this sale was made "at the dwelling house of defendants." After the State had elected to prosecute for this sale, which was proved by its testimony, it introduced one Barnes as a witness, who testified that about a week or ten days before said 25th December, he got from Robert Sellers, one of the defendants, a gallon of whisky at said dwelling house, which was drawn from a barrel, "but that Joseph S. Sellers, the other defendant, was not present at the time, and that he (Barnes) had a few days previous to that time requested Robert Sellers to purchase for him in the city of Montgomery a gallon of whisky, for use during the Christmas holidays, and a few days after said order he got the whisky." Each of the defendants moved the court to exclude the testimony of the witness Barnes from the jury on the ground (1) that the matters so testified to were in respect to a different act, and at a different time from that for which the State had elected to prosecute; and (2) that said matters so testified to were illegal and irrelevant, and did not even tend to show the guilt of defendants, or either of them, of the sale of the whisky on December 25th. The court overruled said motion to exclude, "and permitted the said evidence to go to the jury, to show the *scienter* with which each prior sale was made," and to this ruling each of the defendants separately excepted. The defendant Joseph S. Sellers then moved the court to exclude as to him all of the testimony of the witness Barnes, so as to limit this fact to his co-defendant, on the ground that there was no evidence even tending to connect him with the commission of said act testified to by said witness. The court refused said motion, and the said Joseph F. Sellers duly excepted. The State then introduced another witness, who testified to substantially the same thing as the witness Barnes had done, and further testified that, while he ordered only one gallon of whisky, the said Robert Sellers had allowed him to have a gallon at one time and a half gallon at another time. The same motions to exclude this witness' testimony and the same rulings thereon were made, and the same exceptions reserved as to this witness Barnes. The defendant, Robert

Sellers, who was introduced as a witness in behalf of the defendants, testified that he knew nothing whatever of the sale of the bottle of whisky bought by witness Bonham for Flinn; that he did not authorize it, or have anything to do with it; but that he did, a short time before December 25, 1891, purchase, on orders, in the city of Montgomery, a quantity of whisky in bulk, and delivered it at his house, as testified to by the witnesses for the State. This witness further testified that his co-defendant, Joseph S. Sellers, knew nothing of purchase or sale; "that said Joseph S. Sellers was, at the time said whisky was delivered, and at the time said bottle of whisky was sold, at Ramer, about thirteen miles distant, where his family resided and his wife was sick." The defendant, Joseph S. Sellers testified as a witness, and denied all knowledge of, or participation whatever in, the sale of any whisky, or the delivery thereof; and further testified that at the time testified to by said witness "he was at his home at Ramer, about thirteen miles distant, where his family resided and his wife was sick." Upon this evidence the defendant, Joseph Sellers, requested the court to give the following charge in writing: "If the jury believe the evidence, they will find the defendant, Joseph Sellers, not guilty." The court refused to give said charge, and the said Joseph S. Sellers duly excepted thereto. The defendant, Robert Sellers, also requested the general affirmative charge in his behalf, and duly excepted to the court's refusal to give said charge as asked.

John Gindrat Winter, for appellants, cited *Peacher v. The State*, 61 Ala. 22; *Sullivan v. The State*, 68 Ala. 525; *Ingram v. The State*, 39 Ala. 52; *Moses et al. v. The State*, 42 Ala. 532; *Gassenheimer v. The State*, 52 Ala. 313; *Hobbs v. The State*, 75 Ala. 1; *Fonville v. The State*, 91 Ala. 39; and *Pilgreen v. State*, 71 Ala. 368.

Tennent Lomax, for the State, cited *Segars v. State*, 88 Ala. 144; *Gassenheimer v. State*, 52 Ala. 313; *Ingram v. State*, 39 Ala. 247; *Moses et al. v. State*, 42 Ala. 539.

HARALSON, J.—It is well settled, as a general proposition, that upon the trial of one offense, evidence of another distinct one, though of the same nature, cannot be admitted to show the guilt of the accused.—*Ingram v. State*, 39 Ala. 247. But, there are well recognized exceptions to this rule, and such evidence is receivable when necessary to prove *scienter*, to establish identity, or to complete a chain of cir-

[Sellers v. The State.]

cumstantial evidence of guilt, in respect to the act charged. *Ingram's case, supra ; Yarbrough v. State*, 41 Ala. 405 ; *Mason v. State*, 42 Ala. 532; *Gassenheimer v. State*, 52 Ala. 314 ; *Curtis v. State*, 78 Ala. 12 ; *McDonald v. State*, 83 Ala. 48 ; *Stanley v. State*, 88 Ala. 154.

The evidence shows, without contradiction, that Joseph S., and his son Robert Sellers, the defendants, were partners and carried on, in Montgomery county, outside of the city of Montgomery, a general merchandise business, and that Cornelius Sellers, another son of Joseph S., was their clerk and salesman.

As touching sales of liquors by a partnership, our former ruling has been, that a sale by one of the partners, without a license, in the line of their trade, would be sufficient to fix the guilt of each partner; and, if such a sale was made by the clerk or salesman, with the authority, approbation or acquiescence of his employers, it would justify a conviction of each-employers and clerk.—*Segars v. State*, 88 Ala. 146 ; *Perkins v. State*, 92 Ala. 66.

Applying these principles to the facts of this case, we find that the evidence taken altogether, had tendencies—and it was introduced and admissible for that purpose—to show a conspiracy between the defendants to sell liquor at their dwelling-house, near where they kept their store of general merchandise, because, by so doing, fewer suspicions of their guilty conduct would likely be aroused, and the opportunities for detection would thereby be lessened. The number of deliveries of whiskey at their dwelling, and the manner of delivery, justified this theory and suspicion of their guilt. The court confined the State to the sale made by the clerk on Christmas day, having elected that particular sale, as the one for which it would prosecute. All the other instances of alleged sales, were admitted as tending to show the guilty knowledge, or, acquiescence or approbation of the defendants of this offense by their clerk. The circumstances tending to establish this theory of a conspiracy, to carry on an illicit disposition of liquors at their dwelling by the defendants, and that the particular act complained of was done by their knowledge, consent or approbation, may be found in the facts that the alleged sales were made just before Christmas ; that the clerk was conveniently on hand at the dwelling, when the liquor was required, and had access to it, in the absence of his employers, which would not have been likely, if it had been procured, as pretended, as a personal and neighborly act by one of the partners ; that this pretense of neighborly kindness, was probably untrue, since the article

was bought, as the evidence showed, not in quantities for which the orders were said to have been given, and in separate packages to suit those persons ordering, but in bulk, and kept in a barrel, and drawn therefrom when needed; that they furnished the bottle, as it would seem, for that sold on Christmas day to Bonham for Flinn; that the witness, Barns, got his whiskey from one of the defendants himself, at the same dwelling-house, on an order given several days before Christmas; that a few days before Christmas another party got from the same defendant, at the same place, a gallon at one time, on the same sort of an order, and a half gallon at another time, without any order; and that all these deliveries were made at the dwelling, an unusual dispensary of accommodation whiskey, and not at the store, where it was more convenient to accommodate customers, and where the deliveries ought to have been made, if no criminal intention were involved, and the transaction were honest and open. These were circumstances, more or less strong, which had tendencies to show that defendants were carrying on an illegal traffic in liquor at their dwelling-house, under the pretense of accommodating their neighbors or friends.

Having such tendencies of proof, these prior transactions to the main one for which defendants were tried, with all the attendant circumstances, were properly allowed in evidence for the consideration of the jury, in determining whether said sale was made in the line of their business, with the guilty connivance of the defendants. The intention on their part was to be inferred or not by the jury from the facts in evidence. The court was requested by the defendants, in the general charge they each asked, to draw this inference for the jury, and to invade their province,—a charge, as we have repeatedly held, of doubtful propriety in a criminal case, and should never be given, unless the evidence is conclusive in its character, and there is no fact to be drawn as a matter of inference from the facts proved.—*Perkins v. The State*, 50 Ala. 158; 3 Brick. Dig. p. 110, § 56.

We find no error in the rulings of the court below, and its judgment and sentence are affirmed.

Affirmed.