# Dentler v. The State.

*Indictment for Engaging in on Carrying on Business without License.*

1. *Engaging in business without license; sufficiency of indictment.*—In a prosecution under the statute making it penal to engage in or carry on, without a license, after January 15th of any year, a business for which a license is required (Code of 1886, § 3892), it is not necessary that the indictment should allege that the defendant engaged in or carried on such business since the 15th day of January of any year; the fact that such business was engaged in or carried on before that date in a year for which defendant had a license being a matter of defense to be pleaded and proved by defendant.

2. *Same; same.*—The statute creating the offense is not a new one, enacted within the limitation prescribed against the offense, but of previous and continuing force, and it is, therefore, not necessary for an indictment thereunder to allege that the offense charged was committed after the date on which a license was first required ; time not being an ingredient of the offense, in the sense that it must be averred. (Distinguished from *McIntyre v. State*, 55 Ala. 167, and *Bibb v. State*, 83 Ala. 84.)

[Dentler v. The State.]

3. *Trial and its incidents; proof of venue; when question not presented.* When on appeal, it does not appear that there was asked an instruction going to the sufficiency of the evidence to convict, the question of the proof of venue is not presented for review; and the fact that there was no proof of venue affirmatively shown will not authorize a reversal of the judgment of conviction.

4. *Same; improper verdict; when properly refused by court, and additional instructions given.*—In the trial under an indictment charging a misdemeanor, on the return by the jury of a verdict of a fine for an amount greater than allowed by law, the court may refuse to receive it, send the jury back under instructions as to the amount of the fine in case of conviction, and afterwards receive their verdict, when properly rendered, assessing the fine as prescribed by the statute.

5. *Selling playing cards without a license; when evidence of sales more than twelve months before indictment admissible.*—On a trial for engaging in or carrying on the business of a dealer in playing cards, without a license, evidence of sales within the period of limitation against the offense having been given, sales prior to such period may also be proven, to show the intent with which they and the ones complained of were made.

6. *Same; criminal responsibility of clerk or agent for sales.*—A clerk or agent of one carrying on the business of a dealer in playing cards, without a license, may be convicted of the offense, on proof of unlawful sales by him, though he had no pecuniary interest in the business.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. HENRY C. SPEAKE.

The appellant was tried and convicted under an indictment, preferred on February 27, 1895, which was as follows : "The grand jury of said county charge that before the finding of this indictment, Earnest Dentler engaged in, or carried on the business of a dealer in 'Playing Cards,' without a license, and contrary to law, against the peace and dignity of the State of Alabama." The defendant demurred to this indictment on the grounds, 1st, that it fails to show that the defendant engaged in or carried on the business of a dealer in playing cards, after the 15th day of January in any year in which a license was required; and 2d, that said indictment does not show that the defendant engaged in the business of selling playing cards in any year for which a license was required. This demurrer was overruled, and the defendant duly excepted.

Upon the trial of the cause, as is shown by the bill of exceptions, the State introduced as a witness one Harry

[Dentler v. The State.]

Ragland, who testified that he had bought cards from defendant as many as 12 times or more; that the last time he bought playing cards from the defendant was on the night of December 24, 1894. The defendant objected "to any evidence of buying playing cards prior to December 24, 1894, unless it was shown that such purchases were made within 12 months after the day the indictment was found." This objection was overruled, and the defendant duly excepted. This witness further testified that he remembered distinctly buying three decks of cards from the defendant about a week or ten days before December 24, 1894, and that he had bought cards from the defendant frequently in November and December, 1894.

The defendant as a witness in his own behalf testified that he was a clerk in the store from which the witness Ragland testified the cards were purchased; that said store was owned by his mother, Mrs. Wilhelmina Dentler; that he did not sell the witness Ragland any cards during the year 1894; that 3 or 4 years ago he did sell the witness cards, but he then had a license therefor. The State introduced evidence which impeached the testimony of the defendant, and also introduced evidence that his character for truth and veracity were bad, and that the witness testifying thereto would not believe him on oath.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence in this case that the cards sold were the property of Mrs. Wilhelmina Dentler, and that they were not owned by defendant, and that they were sold in the store of Mrs. Dentler in which she was doing business, and that it was not Earnest Dentler's cards nor his store, and that the money for the cards went to Mrs. Dentler, then you must find defendant not guilty, he not being a dealer in playing cards." (2.) "It must be proved beyond a reasonable doubt that defendant engaged in the business of a playing card dealer within twelve months before the finding of the indictment, and one sale is not enough to show this, and you are not to regard any evidence of sales made more than twelve months before the finding of the indictment."

[Dentlèr v. The State.]

The bill of exceptions then recites :   "The jury then
retired to the jury room, and after some deliberation
returned into court; the judge asked if they had
agreed on their verdict, and the foreman answered 'We
have' ; the judge directed the foreman to hand the ver-
dict to the clerk which was done, and the judge then
directed the clerk to read, and the clerk read the fol-
lowing verdict, which was in writing and signed by the
foreman :  'We, the jury, find the defendant guilty, and
fix his fine at fifty dollars and costs.'  The solicitor then
proposed to reduce the fine  to  $15  instead  of fifty.
The defendant objected to this, and the court refused
to reduce the fine.   The  defendant  then  moved  the
court to let the verdict remain as it was, and to enter
judgment for the fine as fixed by the jury.   The court
overruled this motion, and defendant duly excepted.
The court then told the jury that they could not fine
defendant more than fifteen dollars (three times the
amount of the State license), and handed them back the
verdict and they again retired to the jury room, and
after a short deliberation returned with a verdict which
was as follows : 'We, the jury, find the defendant guilty,
and fix his fine at fifteen dollars and cost.'  This verdict
was signed by the foreman, and was in writing.  Defend-
ant objected to the court's receiving this verdict.   The
court  overruled  the  objection,  and  defendant  duly
excepted.   The defendant then objected to the court's
entering judgment on this verdict.  The court overruled
the objection, and defendant duly excepted.''

S. S. PLEASANTS, for appellant.—The indictment in this
case was not sufficient, and the demurrer thereto should
have been sustained.—*Harris v. State,* 50 Ala. 128 ; *Mays
v. State,* 89 Ala. 37 ; *Schwartz v. State,* 37 Ala. 466 ; *McIn-
tyre v. State,* 55 Ala. 167 ; *Raisler v. State,* 55 Ala. 64.

The court below should have charged the jury, that
defendant was not a dealer within the meaning of the
statute, as requested by defendant in writing.—*Carter v.
State,* 44 Ala. 29 ; *Grant v. State,* 73 Ala. 13 ; *Bryant v.
State,* 46 Ala. 302 ; *Perkins v. State,* 50 Ala. 154.

The court below allowed the State's witness, Harry
Ragland, to testify against defendant's objection and
exception "that he had bought cards from defendant as
many as twelve times or more, that the last time he

[Dentler v. The State.]

bought any from defendant was on the night of December 24, 1894.'' The ground of the objection was to any evidence of sales which were not shown to have been made within twelve months before the finding of the indictment; and this objection should have be sustained. *Weil v. State,* 52 Ala. 19; *Sellers v. State,* 97 Ala. 72.

WILLIAM C. FITTS, Attorney-General, for the State. The ground of demurrer is that the indictment should have alleged that the selling was done after the 15th of January. Such an averment is not necessary. The indictment complies with all the requirements of the law, and is regular and proper in every detail.—Crim. Code of 1886, § 3893 and authorities; Crim. Code of 1886, p. 271, Form of Indictment. It is not necessary to aver in an indictment that defendant does not come within an exception in a proviso to an enacting clause.—*Bell v. State,* 100 Ala. 78.

The court did not err in refusing to charge that defendant could not be considered a dealer, and hence not amenable to the law. It is no defense to appellant in this cause that he was in the employ of his mother or was clerking for her. The rules governing principal and agent have no recognition in criminal law in cases of this kind so far as avoidance of punisment is concerned. The dignity of the criminal law properly prevents and resists subterfuges of this nature, and will not give its sanction to this shifting of responsibility. The true rule governing this case is laid down in the case of *Segars v. State,* 88 Ala. 144.

There was no error in allowing proof of more than one instance of illegal selling of cards. One sale rarely ever constitutes the offense unless intent is unequivocally shown. It is a fundamental rule that action is one of the best proofs of intent. It is only where there are repeated and continuous acts that it can be said that the business has been carried on or engaged in within the meaning of the statute. A single act will not constitute the engaging in or carrying on the business, yet a series· of such actions will.—*Weil v. State,* 52 Ala. 19; *Harris v. State,* 50 Ala. 127; *Merritt v. State,* 59 Ala. 46; *Grant v. State,* 73 Ala. 14; *Cost v. State,* 96 Ala. 60.

HARALSON, J.—There was no error in overruling the demurrer to the indictment. The statute, section 3892 of the Code of 1886, makes it penal to engage in or carry on a business, after the 15th of January in any year, for which a license is required. It was unnecessary to aver in the indictment, that the business, alleged to have been carried on by defendant, was engaged in or carried on since the 15th of January of any year. If the offense was committed before that date, in a year the defendant had license to engage in the business, that was defensive matter to be pleaded and proved. The statute under which defendant was indicted was not a new one, creating the offense within twelve months before the indictment was found. If so, it would have been necessary, as was held in *McIntyre v. The State*, 55 Ala. 167, to allege that the offense had been committed after the date on which a license was first required. To the same effect is *Bibb v. The State*, 83 Ala. 84. In *McIntyre's Case* it was intimated, that the decision was not to be regarded as constituting a rule for other cases variant from that. But, where the statute creating the offense is not a new one within the limitation prescribed against the offense, but of previous and continuing force, time is not an ingredient of the offense, in the sense that it must be averred; since the general rule is, that it is not necessary to make any averment that the indictable act was done within the time mentioned in the statute of limitations. It is obvious, that if the offense had been created by statute within the period of limitation for such misdemeanors, time would be an ingredient of the offense and necessary to be averred; otherwise, the reason of the requirement fails, and the general rule obtains.—*McDowell v. The State*, 61 Ala. 174; *McGuire v. The State*, 37 Ala. 162.

2. There is nothing in the point that the venue was not proved. There was no instruction going to the sufficiency of the evidence to convict.—*Bowden v. The State*, 91 Ala. 61; *Hubbard v. The State*, 72 Ala. 164.

3. Nor was there any error, when the jury returned a verdict of a fine for an amount greater than allowed by law, for the the court to refuse to receive it; to send them back under instructions as to the amount of the fine in case of conviction, and afterwards, to receive their verdict when properly rendered, assessing the fine as prescribed by statute.

4. The witness Ragland testified he had bought cards from defendant twelve times or more, the last time on December 24, 1894. The defendant "objected to any evidence of the buying of playing cards prior to December 24, 1894, unless it was shown that such purchases were made within twelve months *after* the date the indictment was found.". This objection was overruled. The objection as to the time of the sales, it will be seen, was "within twelve months *after* the date of the indictment." The word "after" is probably a clerical error, the word "before" being the one intended to be employed. But, if thus read, the objection is untenable. Sales made before were admissible as tending to show the intent with which they and the ones complained of were done. If the defendant desired to show that such sales were too remote in the past, to shed any light on the recent dealings of defendant, with which he was charged, or that they were made when defendant was dealing under a license, if that was the case, the dates of the sales might have been called out on cross-examination.—*Grant v. The State,* 73 Ala. 14. The witness proceeded to state that he remembered distinctly one occasion, about a week or ten days before December 24, 1894, when he bought three decks of playing cards from defendant, and he had bought them frequently in November and December, 1894, the indictment having been found the 27th February, 1895.

It has been held that the doing of a single act, pertaining to a particular business, will not of itself be considered as engaging in or carrying on the business; yet a series of acts would be so considered. And as to a single act, it is said : "One act may be sufficient to constitute an 'engaging in or carrying on the business,' according to the intent with which the act was done, and other proof in the case."—*Abel v. The State,* 90 Ala. 633. In that case it was also held, that the clerk or agent of one unlawfully engaged in the business of a wholesale liquor dealer, may be convicted upon proof of the unlawful acts of selling by him, although such agent or clerk may not have any pecuniary interest in the business, other than as mere clerk or agent.—*Perkins v. The State,* 92 Ala. 66.

The two charges requested by the defendant, from what has been said, it will appear, were properly refused.

From the facts hypothesized, in the first, it can not be predicated, as is there done, that defendant was not a dealer in playing cards.

As to the second, it may be said, that it is abstract and calculated to mislead the jury. The proof on the part of defendant, was not as to one, but of several sales within twelve months before the indictment.

There is no error in the record, and the judgment and sentence of the lower court are affirmed.

Affirmed.