# Woodson *v.* The State.

## *Rape.*

(Decided July 6th, 1910. Rehearing denied Jan. 12, 1911.)
54 South. 181.)

*Appeal and Error; Review; Contents of Transcript.*—Where the record proper was free from error, and the bill of exceptions failed to disclose any exceptions to any action of the court, either as to evidence or instructions, and the sufficiency of the evidence was not challenged at the trial in any way, a conviction must be affirmed as free from error, although the evidence certified to be all that was had on the trial was, as shown by the record, insufficient to show a commission of the offense charged, or of any offense.

APPEAL from Jefferson Criminal Court.

Heard before Hon. S. L. WEAVER.

John Woodson was convicted of rape, and he appeals. Affirmed.

W. S. BURROW, for appellant. The evidence is all set out in the bill of exceptions, and no offense is disclosed thereby. None of the requisites of the offense charged is made out.—*Jacobi v. The State,* 133 Ala.

8; *Jones v. The State,* 90 Ala. 628; *Norris v. The State,* 87 Ala. 85; *Lewis v. The State,* 35 Ala. 380; *Toulet v. The State,* 100 Ala. 72.

ALEXANDER M. GARBER, Attorney General, for the State. There is no error of record and the bill of exceptions does not show that any exceptions were reserved to the rulings of the trial court, nor does it set out any charges refused, or given. Hence an affirmance must follow.

McCLELLAN, J.—The record proper in this transcript is free from irregularity. The bill of exceptions fails to show that any exception was reserved, in any manner, to any action or ruling of the trial court on the trial. It purports to set out substantially all of the evidence, and it is apparent from it that the evidence was insufficient to warrant a conviction of the offense charged in the indictment. The trial court had jurisdiction of the subject-matter and of the person. Having complete jurisdiction, and the judgment being grounded in a verdict accurately responding to the indictment, the adjudication of guilt, and the sentence therefor, cannot be void.

In respect of cases in the category to which this case belongs, the jurisdiction this court has is appellate only. Review here, in such cases, is limited to those matters upon which action or ruling at nisi prius was invoked and had. Accordingly, where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate court. Such is the settled rule, on principle and in practice, by which this court is bound. The following decisions of this court,

among others, are in point, and sustain the rule stated: *Knapp v. McBride,* 7 Ala. 19; *Skinner v. State,* 30 Ala. 524; *Hubbard v. State,* 72 Ala. 164; *Dentler v. State,* 112 Ala. 70, 20 South. 592; *Bowdon v. State,* 91 Ala. 61, 8 South. 694; *Ex parte Knight,* 61 Ala. 482.

There being no question reserved for review in this appellate court, the judgment below must be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON, SAYRE, and EVANS, JJ., concur.

MAYFIELD, J. (dissenting).—I cannot agree to an affirmance of this case. The record shows the appellant to have been convicted of a grave felony and sentenced by the lower court to 20 years' imprisonment in the penitentiary. This record is certified by the lower court as containing "all the evidence." It contains no evidence that shows, or in the slightest degree tends to show, the commission of any felony—the one charged, or any other. This being true, I cannot understand how this court can say that there was no reversible error.

The mojority of the court hold· that, as the record fails to show that the defendant requested any charges or invoked any ruling of the trial court upon the sufficiency of the evidence, we cannot on this appeal review the action of the trial court or disturb the judgment or sentence; the record proper being regular, and the judgment valid on its face. If it was a question as to the weight or sufficiency of the evidence, this would be true, and I would not for a moment doubt the correctness of the conclusion of the majority. But this is not the case; it is a case in which there is "no evidence." Whether there is any evidence in a given case, criminal or

civil, tending to prove the issue, is a question of law for the court, and not a question of fact for the jury.

How it was possible for the lower court to convict and sentence the accused, without any evidence of guilt or any proof of the corpus delicti, and not commit reversible error I cannot understand. The statute allows all defendants in criminal cases to appeal to this court from the judgment of conviction. The right is absolute, and without bond or security. Defendants in criminal cases are not required to assign errors, to argue the case, or to file brief, on appeal to this court. The law makes this court, as it were, their guardian; and requires us to search the record for errors, and, if any we find, to reverse, unless it affirmatively appears that no injury to the defendant resulted from the error.

The statute now allows defendants to have a bill of exceptions, as in civil cases; and thereby he is entitled to make all those questions and matters a part of the record, which would not otherwise appear of record, and to thus present them for the review of this court, as if they were a part of the record proper in the lower court. The bill of exceptions is not a part of the record proper of the lower court, in such sense that it is required to be recorded and kept in that court; but it is a part of the record for the purpose of appeal, which is the only object or purpose in allowing it. And it is a part of the record proper of this court in that case, and on the hearing we accord to it the same verity that we do to the record proper of the lower court.

The bill in this case recites that it contains all the evidence. The record proper contains all the pleadings, indictments, pleas, verdict, judgment, etc. So we can and should review the evidence in this case, just as we can and should review the pleadings on a writ of error. If the evidence as thus shown proves or tends to prove

[Woodson v. The State.]

the guilt of the defendant, then it is a question for the jury, and when they have weighed and passed upon its sufficiency, we cannot and should not disturb their finding. If, however, there is no evidence that proves or tends to prove the commission of the offense charged, then there is no question of fact or of law to submit to the jury. If the prosecuting officer does not ask for a nolle prosequi, the court should direct a verdict for the defendant, for the lack of proof, whether so requested or not.

It is the duty of the solicitor, as well as of the court, to see that no defendant is convicted without some proof of his guilt—at least, it should appear that some offense has been committed by some one—unless the defendant in open court voluntarily interposes his plea of guilty. If he declines to plead or stands mute, the court, for him, must cause the plea of not guilty to be entered; and should not allow the defendant to plead guilty unless he is well advised. Frequently the defendant has no counsel, and the court is not, in all such cases, required to appoint counsel for him; but it is always the duty (in fact, one of the chief duties) of the court to see that the defendant has a fair and impartial trial. Certainly a defendant cannot be said to have had a fair and impartial trial, when he has been convicted of a horrible crime, and sentenced to 20 years' imprisonment, in the face of his plea of not guilty, and of the fact that there is no evidence showing or tending to show the commission of the crime, by himself or any one else, and in spite of the fact that the evidence introduced conclusively and indisputably shows that the crime alleged, and for which defendant was convicted, was "not" committed, and this evidence is the testimony of none other than the very person upon whom the crime is alleged to have been committed.

If the record proper fails to show any indictment, or that, because of its form, it charges no offense, or does not charge the offense of which the defendant was convicted, this court will reverse, and notwithstanding the question of the sufficiency of the indictment was not raised or passed upon in the court below. If, however, the defect was one that could or should have been corrected in the court below, or was one which the defendant could waive, it will be presumed, in the absence of anything to the contrary, that he did waive it; or it will be treated as an error that is cured by the verdict and judgment. In the same manner, if it be an irregularity or error in the verdict or judgment, which could and should have been objected to in the court below, and was not so objected to, and being one that could be waived, then it will be so treated on appeal and will not justify a reversal; but if there is no verdict or no judgment the case will be reversed or the appeal dismissed, as justice or the practice may require, because there is nothing to support the conviction and the sentence.

A judgment of conviction and sentence can no more be supported without proof than it can without an indictment or information. The defendant, in a felony case, can no more waive the one than he can the other, except in the manner authorized by statute. Of course if there is no bill of exceptions, or if it does not contain all the evidence, the appellate court properly presumes that there was evidence before the trial court to support the verdict; but when the record proper shows a plea of not guilty, and the bill of exceptions shows all the evidence, and there is none showing or tending to show the corpus delicti, there is of course nothing to support the verdict, and therefore necessarily nothing to support the judgment of conviction. The condition is as if there was no indictment, or as if the indict-

[Woodson v. The State.]

ment charged one offense and the judgment was that of conviction for a different offense.

The only cases relied upon by the majority of the court, for the affirmance of the judgment, are those in which there was a failure to prove the venue, and those involving felony in which there was a failure to corroborate the testimony of an accomplice. It is true that both of these are necessary elements of proof to support a conviction, and upon first blush these authorities seem not to be distinguishable from the case at bar; but, upon a closer scrutiny and comparison, they are found to be wholly different in principle and in practice. Both elements go to the "sufficiency" of the proof to support the conviction, not to the corpus delicti and not the question whether there is any proof of guilt (which is a question of law and not of fact).

There can be no valid conviction of a felony without some proof of the corpus delicti; unless this case at bar is an exception to the rule, and I can see no reason why it should be so considered. As before shown, the errors were as to matters which the accused could not waive by a failure to object or to except. Until there was some proof of his guilt there was nothing to which he could or should object or except. All the proof offered, not only tended to show, but conclusively showed, his innocence, by showing that the offense charged was not committed. Why should a defendant object to evidence offered by the state, which proves his innocence? The law of course presumes him to be innocent; and if the evidence proves him to be such, then how can he be legally convicted? By the trial court's submitting to the jury the question of the guilt of the defendant, without any proof tending to establish it? There was nothing to be submitted to the jury. If we should apply to this case the same rules as to failure of proof of

corpus delicti, that we do as to failure of proof of venue, then we would have to reverse this case.

This court has often held that where the bill of exceptions recites that it contains all the evidence, and is silent as to proof of venue, the judgment of conviction will be reversed on appeal.—*Brown's Case,* 110 Ala. 92, 14 South. 761; *Randolph's Case,* 100 Ala. 139, 14 South. 792; *Justice's Case,* 99 Ala. 180, 13 South. 658; *Thompson's Case,* 106 Ala. 67, 17 South. 512, and cases cited. In the above cases the general affirmative charge was requested and refused, and the question was thus raised in the lower court. But in *Frank's Case* the general charge was not requested, nor was the failure to prove the venue made the subject of objection, in the court below, yet the judgment was reversed; and while that case has been explained it has never been overruled, but has been followed, and reasserted, by the very judges who wrote the dissenting opinions criticising it.

In that case the court decided, to quote its own language, that "* * * whenever the indictment is in the form prescribed by the Code and the bill of exceptions sets out all the evidence, and it does not affirmatively appear that the offense was committed in the county where the indictment is preferred, and the prisoner excepts to the conviction and sentence of the court, there is error, distinctly appearing on the record, fatal to the conviction and sentence, on appeal."—40 Ala. 14, 15. Walker, J., who dissented upon that proposition, stated the case as follows: "The bill of exceptions professes to set out all the evidence. It is silent upon the subject of proof of venue. It is therefore to be inferred that the venue was not proved. There was no objection in the court below on account of the absence of proof of venue; no charge was given, to which objection

was made; and no charge asked, which raised the point of the want of such proof. The question thus arises whether we can reverse the judgment, because there appears to have been no proof of venue, when the omission was not made the subject of objection in the court below. I think this question should be decided in the negative."

In *Huggins' Case,* 41 Ala. 399, the court, through Justice Walker, speaking of the case of *Frank v. State,* said: "There was evidence in the court below reasonably conducing to prove the venue. We do not understand the decision in *Frank v. State,* 40 Ala. 9, as going to the extent of holding that this court will pass upon the sufficiency of the evidence of venue, when no question was raised in the court below. That decision pertains to a case where it affirmatively appeared that there was no proof tending to show venue, and to such cases its authority and reasoning must be confined."

In the case of *Elsberry v. State,* 52 Ala. 9, 19, the court, through Manning, J., quoted approvingly from the *Huggins Case* the language of Justice Walker as repeated in the foregoing paragraph.

Our statute provides that, "in criminal cases, this court must render such judgment as the law demands"; and by this may be understood such judgments as the law demanded the court below to render. By section 3650, it is provided that, "if such question" (that is, a question of law) "does not distinctly appear on the record, it must be reserved by an exception, taken and signed by the judge as in civil cases"; which, impliedly at least, gives the right to the prisoner to have any error which distinctly appears on the record revised by this court. The bill of exceptions is a part of the record; and, so much so, it has been held by this court, that if it is inconsistent with the judgment entry, it must

control.—*Godbold v. Planters' & Merchants' Bank of Mobile,* 4 Ala. 516; *Landreth's Adm'r v. Landreth's Distributees,* 9 Ala. 430; *State v. Jones,* 5 Ala. 666; *Vincent v. Rogers,* 30 Ala. 471.

Mr. Wharton says: "The corpus delicti, the proof of which is essential to sustain a conviction, consists of two things: (1) A criminal act, and (2) the defendant's agency in the production of such act. With respect to the former of these, it is the established rule that the facts which are the basis of the corpus delicti form a distinct ingredient in the case of the prosecution, to be established beyond reasonable doubt."

The great Chief Justice Stone, of this court, writing to the decision of *Bolling's Case,* 98 Ala. 80, 12 South. 782, and citing a number of authorities to the proposition, said that it was "Better, far better, that the guilty go unpunished than that the innocent, or those whose guilt is not shown beyond a reasonable doubt, should be punished. There should never be a conviction unless what the law denominates the corpus delicti—the essence of the actual crime—has been proven to have been committed.—*Fuller v. State,* 48 Ala. 273; *Matthews v. State,* 55 Ala. 187; *Johnson v. State,* 59 Ala. 37; *Griffin v. State,* 76 Ala. 29; *Moses v. State,* 88 Ala. 78, 7 South. 101 (16 Am. St. Rep. 21)."

It is true that Brickel, C. J., reviews the sufficiency of the evidence as to proof of venue; but he did not, expressly or impliedly, overrule *Frank's Case.* To the contrary, he evidently approved it as explained by Walker, C. J., in *Huggins' Case,* 41 Ala. 399. After reviewing these cases, he said: "With the mere question of the sufficiency of the evidence to support a verdict this court cannot interfere." This is exactly what Walker, Chief Justice, said *Frank's Case* decided.

If there was proof tending to show guilt, and the jury had passed upon it, we could not ordinarily revise their finding; for it is the exclusive province of the jury to pass upon the weight and the sufficiency of the evidence. But whether there is any evidence of guilt is not a question for the jury, but is one for the court; and no trial court can submit a criminal case to a jury when there is no proof of guilt, without committing reversible error. The policy of our law is not to allow a defendant to consent to such a conviction as was had in this case. It is against public policy to allow such convictions to stand, and for this reason the law does not allow an accused person to be convicted of a felony, except in the form and manner prescribed by law, and he is not held to a waiver of his rights in the matter, as he is in cases of misdemeanor and in civil cases.

I regret that I am not able to find an Alabama case exactly in point; but I have found a Massachusetts case, written by that great judge, Bigelow, which is exactly in point—a conviction of the identical offense of which this defendant was convicted, and upon evidence of an outrageous assault (one too revolting to repeat), which that court held did not tend to prove the felony for which the accused was convicted. In order that there may be no doubt that the Massachusetts court decided the question here involved, I will quote at length from that opinion:

"We think it entirely clear that the evidence at the trial of this case fell far short of proving any intent by the prisoner to have carnal knowledge of the prosecutrix by force and against her will. There was ample proof of gross indecency and lewdness, and of an attempt, by long-continued and urgent solicitations and inducements, to lead the prosecutrix to consent to the wish of the prisoner to have sexual intercourse with

her. So in the present case, the jury should have been instructed that there was no sufficient proof to maintain the charge against the defendant of an assault on the prosecutrix with a felonious intent to have carnal knowledge of her by force and against her will. As the case was left by the court to the jury under the instructions which were given them, they were at liberty to infer that the evidence was sufficient to warrant them in finding the defendant guilty of the aggravated charge. This, we think, was erroneous. The omission to instruct the jury in a criminal case that the evidence does not prove the offense laid in the indictment is good ground of exception.

"It was urged by the Attorney General that the defendant could not avail himself of the objection that the verdict was not supported by the testimony, because this court cannot, on a bill of exceptions, set aside a verdict as against the evidence; and for the further reason that it does not appear that any special instruction was asked for by the defendant at the trial concerning the nature or amount of evidence necessary to sustain the entire offense laid in the indictment. These would have been decisive objections, if, as is usually the case, the whole evidence submitted to the jury had not been fully set out in the exceptions as allowed by the judge and presented to this court. But in the present case the judge is careful to state that the exceptions contain 'a statement of all the evidence of the acts done by the defendant at the time of the alleged assault' and to add the instructions which he gave to the jury on this evidence. By these it appears that he left it to the jury to determine whether the entire aggravated offense alleged in the indictment was supported by the proof. The case before us therefore distinctly presents the question whether proper instructions were given

as to this part of the case upon the facts as proved. By allowing the bill of exceptions in this form, it is fair to infer that the judge intended to bring before this court the correctness of his rulings, and the defendant has a right to ask an adjudication upon them."—*Com. v. Merrill,* 14 Gray (Mass.) 416, 417, 418, 77 Am. Dec. 336.

To my mind there is no doubt that this judgment should be reversed.

