(114 So. 478)

### ROBINSON v. STATE. (2 Div. 393.)

Court of Appeals of Alabama. Nov. 22, 1927.

J. D. Lindsey, of Butler, and D. M. Boswell, of York, for appellant.

Charlie C. McCall, Atty. Gen., and J. W. Brassell, Sp. Asst. Atty. Gen., for the State.

RICE, J. ■ Appellant was at his home, in the nighttime, when deceased, one Tom Gray, came there, and, knocking or kicking on the door, demanded of appellant that he open it. Appellant asked deceased to go on away more than once. Deceased cursed and abused him, and, according to some of the undisputed testimony, threatened to break the door down. Appellant's wife, who was the sister of deceased's wife, was in the bed, the only bed in the house, which was in the room deceased was attempting to enter, with her nine day old baby. Appellant and deceased and their families were· on good terms; deceased having been at appellant's house earlier on the night in question on a friendly visit. The time of his last visit and attempted entrance into appellant's house was some time after midnight, and deceased was "drinking," as some of the witnesses said. The testimony also showed, and without dispute, that deceased was, at the very time he was shot, persisting in his efforts to enter appellant's bedroom, and that appellant, without opening the door, fired a single barrel shotgun one time ·through the closed door, the load taking effect in deceased's body, and causing his death. Appellant received a sentence of seven years and six months in the penitentiary for manslaughter in the first degree. This is substantially all that the testimony, as disclosed by the record before us, discloses. The court has read it en banc, and we are unanimously of the opinion that, without more, it entitles appellant to have given at his request the general affirmative charge in his favor. The verdict appears to us to be wrong and unjust. Appellant appears to have done nothing but protect, to the death, the sanctity of his little humble home. And this, we think, he had a perfect right to do.

■ However, the bill of exceptions, as it appears in the record before us, does not state that it contains all the evidence, and, where this is the situation, the rule is too well established to need the citation of authority that we must presume such a state of the evidence as will support the action of the trial court. There appears in the record no error that we can review, and the judgment must be affirmed. Woodson v. State, 170 Ala. 87, 54 So. 191.

Affirmed.