184 So.2d 159

**Joe Ed HUDSON**

**v.**

**STATE.**

3 Div. 195.

Court of Appeals of Alabama.

March 8, 1966.

**162**

Heirston L. Foster, Montgomery, for appellant.

Richmond M. Flowers, Atty. Gen., and John C. Tyson, III, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted November 18, 1965.

Hudson was indicted for grand larceny.[1] His court appointed counsel moved, in writing, that he be examined by a qualified psychiatrist at Bryce State Hospital for the Insane before trial.

After a number of continuances, the cause came on for a hearing on the motion held in the Judge's Chambers. Sixteen witnesses (none a psychiatrist) were heard.

The court thereupon denied the motion and the defendant personally (with counsel present) purported to withdraw his pleas of not guilty and of not guilty by reason of insanity. The solicitor nol prossed other indictments and the defendant was sentenced to three years in the penitentiary.

Thereafter, the defendant filed a motion for new trial, one of the grounds of which

was that the court appointed counsel had taken a legally impossible attitude. This motion was denied after a hearing and the cause was brought on appeal here by a different court appointed attorney.

### I.

The gist of the paradox presented here comes from the fact that the original court appointed attorney appeared at both hearings, i. e., on the motion for a psychiatric commission and on the motion for a new trial as a sworn witness. He testified both times that in his opinion the appellant was insane within the meaning of the legal definition. His opinion was both as to nonresponsibility for the commission of the crime and as to fitness to plead.

On appeal, it is argued that since counsel's opinion both as a witness and as an advocate was such as to show a belief of Hudson's insanity, therefore counsel could not, in effect, participate in the withdrawal of the plea of not guilty by reason of insanity and in the entry of a plea of guilty.

### II.

The dilemma of instant concern can be resolved by a resort to a reliance on presumptions.

By law, both decisional and statute, a defendant is presumed (1) innocent and (2) sane.

Lawyers likewise are presumed to be truthful and competent. Moreover, conduct of counsel as a witness is not a fetter on his advocacy.

Synthesizing from these assumptions, which are not clearly overcome by evidence in the record before us, we conclude that, under the trial judge's ruling, the defendant

---

1. We forego (in the absence of pleading and proof) whether or not "trading stamps" have such intrinsic value as to be subjects of larceny. Hudson's plea of guilty waives any right to contest on appeal the merits of the substance of the charge. See Woodson v. State, 170 Ala. 87, 54 So. 191: " * * * where the evidence is deemed insufficient to warrant a conviction a ruling of the trial court on that proposition must be properly (usually by special instruction requested) invited, in order to invoke or justify a review of the question, so raised below, by this appellate court. Such is the settled rule, on principle and in practice, by which this court is bound. * * *"

was presumably sane, therefore, a fortiori, was competent to remove the presumption of his innocence by pleading guilty.

An opinion as to sanity is never conclusive on the trier of fact even when rendered by an expert. Hockenberry v. State, 246 Ala. 369, 20 So.2d 533. Accordingly, there arose no presumption of fact from the testimony of the counsel either on the original motion or on motion for a new trial.

We find nothing in counsel's conduct except the highest regard for the best interest of his client. The client raised insanity as a smoke screen rather than a defense.

Due process does not demand more than the physical presence of the prisoner before the trial judge. Nobles v. Georgia, 168 U.S. 398, 18 S.Ct. 87, 42 L.Ed. 515; United States ex rel. Smith v. Baldi, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549; Lee v. Wiman, 5 Cir., 280 F.2d 257.

The judgment below is due to be

Affirmed.